## BELLOWS FALLS BANK *v.* RUTLAND COUNTY BANK.

*Bailment. Banking. Demand. Negotiable Papers. Certificate of Deposit. Pleading.*

The holder of a certificate of deposit, properly endorsed to him, and payable on presentation, cannot maintain an action thereon until special demand has been made.

The plaintiff held a writing as indorsee in words and figures as follows: " No. 82, Rutland County Bank, Rutland, Vermont, March 11th, 1863. This certifies that O. B. Clark, Esq., has deposited in this bank eleven hundred dollars, payable to the order of himself on the presentation of this certificate properly indorsed. $1,100. (Stamp, J. M., 1863,) James Merrill, Cashier." *Held*, that special demand should have been made before an action could be maintained to recover

thereon. *Held,* also, that the same is negotiable within the meaning of the law merchant.

The declaration was held insufficient on general demurrer in that it did not allege a presentation of the certificate and demand of payment.

ASSUMPSIT, to recover on the instrument set forth in the *syllabus* above, in general and special counts. The special counts set forth the instrument and averred that it had been duly assigned and ordered to be paid to the plaintiffs; there was no averment that demand had ever been made by the presentation of the instrument with a request for payment. To the declaration the defendants filed a general demurrer, which was overruled and judgment rendered for the plaintiffs, at the April Term of the Windham county court, 1865, BARRETT, J., presiding,—to all of which the defendants excepted.

*Prout & Dunton,* for the defendants.

I. Treating the plaintiffs' claim as a mere deposit, (as the instrument declared upon shows it to be,) independent of the question as to its negotiability, it rests on the same ground it would were the controversy between Clark and the bank. It is governed, under the declaration, by the same principle. In this aspect of the case a special request or demand of payment is necessary before bringing suit, and return of the certificate. *Downes* v. *Phœnix Bank,* 6 Hill, 297; *Marzett* v. *Williams,* 20 C. L. 412; *Bank of Utica* v. *Mayher,* 18 Johns. 345; *Saunderson* v. *Judge,* 2 H. Blackstone, 509; *Hart & Card* v. *Green,* 8 Vt., pp. 191, 194; *Payne* v. *Gardiner,* 29 N. Y. 146; *Merritt* v. *Todd,* 23 N. Y. 28.

This is essential as between an innocent holder and the defendant bank. The paper declared upon implies as much. It is its legal effect.

The declaration contains no such allegation. Not being alleged, it is bad on general demurrer, a complete and perfect right of action not appearing from it. Chitty's Pl. 329, 330; Gould's Pl. 176, §§ 15, 116; 1 Saund., p. 33, note 2; *Buck* v. *Owen,* 5 Term, 409; Parson's Notes and Bills, pp. 304, 310, 311; *Chadwick & Co.* v. *Divol,* 12 Vt. 503; *Simpson* v. *Routh et al.,* 9 E. C. L., 219; *Davis*

v. *Carey*, 69 E. C. L., 416, 425 ; *Curtis* v. *Hubbard*, 6 Met.,
186 ; *Carley* v. *Vance*, 17 Mass. 389 ; 1 Saund. P. & E. 211, 671 ;
*McCollum* v. *Lomnels*, 1 A. K. Marsh. 273 ; *Murry* v. *Bright*, 2 A.
K. Marsh, 576.

*H. E. Stoughton*, for the plaintiffs, cited, to show that a certificate
of deposit is, in effect, a negotiable promissory note, Chitty on Bills,
516, 524, 129 ; *Bank of Orleans* v. *Merrill*, 2 Hill, 295.

It is not only a promissory note as between the original parties,
but contains words of negotiability. It is a promise to pay the
indorsee. It is *prima facie* evidence of consideration (5 Wheat.
277,) and the words, value received, are not necessary, ( 2
McLean, 213.)

The opinion of the court was delivered by

WILSON, J. It appears from the declaration that O. B. Clark
deposited with the defendants $1,100., and they executed their cer-
tificate of deposit for the sum so deposited, payable to the order of
said Clark on presentation of the certificate properly indorsed. The
instrument is, in terms, made payable to the order of Clark, it is
payable absolutely, and we are of opinion that it is a negotiable
instrument within the meaning of the law merchant. The case of
*Smilie* v. *Stevens*, reported in the 39th Vt., was assumpsit to recover
a sum of money which had been deposited with the defendant.
The certificate of deposit, upon which the plaintiff declared in that
case, was made payable on demand, on return of the certificate and
the defendant's guarantee of a certain note, and the court held the
fact that the instrument was made payable " on the return of the
certificate " is not such a contingency as affects its negotiable char-
acter. The only remaining question necessary to consider is, whether
a special demand is necessary before bringing suit, and this question
depends entirely upon the construction to be given to the instrument.
It is claimed by the plaintiffs that the transaction between Clark and
the defendants is to be deemed a mere loan of money, where pay-
ment became presently due, and that an action may be brought with-
out a previous demand of payment. It is well settled that when

money is borrowed and no time of payment is fixed by the loan, the debt is instantly due, and an action may be brought without demand, the bringing of the action being a sufficient demand to entitle the lender to recover. Chitty on Con. 734; 2 M. & W. 461; 29 N. Y. R. 146. And this is true even if the debt is, by the terms of the agreement, to be paid on demand, yet no special demand is necessary. But it seems clear to us that the transaction in question is not a loan, but a deposit, and the rights and liabilities of the parties are to be ascertained and governed by rules of law applicable to this sort of bailment. A deposit is defined to be a naked bailment of goods to be kept without recompense, and to be returned when the bailor shall require it. *Story on Bailment.* In the construction of this contract, as of all others, the intention of the parties must control, especially where their intention is apparent upon the face of the instrument. The defendants, in and by the instrument, say that " O. B. Clark has deposited in their bank $1,100., payable to the order of himself on presentation of this certificate properly indorsed." The instrument, construed according to its legal effect, constitutes a deposit ; but it is clear that it leaves the period of time the bailment shall continue indefinite. The provisions of the instrument constitute an agreement to pay the money when Clark, or his indorsee, presents the certificate to the bank for payment, properly indorsed. The time when the instrument is due, by its terms, is ascertainable only by an actual presentation of it to the defendants' bank, properly indorsed, and call for the money. There is nothing in the transaction to distinguish it from a naked bailment, for the exclusive benefit of the depositor, and in such cases a demand is generally necessary to perfect a right of action against the depositary. In this case it is clear, upon principle, that no action should be allowed against the defendants without a previous demand, and, we think, this view of the subject will give operation to the instrument according to its legal effect and the obvious intention of the parties. In the case of *Downes* v. *The Phoenix Bank*, 6 Hill, 297, the plaintiff sued to recover back money deposited with the defendant, and the court held that an action did not lie until after demand made. In delivering the opinion of the court in that case Justice BROWNSON says : " That no

Bellows Falls Bank *v.* Rutland County Bank.

one could desire to receive money in deposit for an indefinite period with a right in the depositor to sue the next moment, and without any prior intimation that he wished to recall the loan." Several cases are cited by the plaintiffs' counsel to the effect that in an action on a promissory note, payable on demand at a particular place, no special demand is necessary before bringing suit, and none need be averred. These cases are applicable where the note or other instrument creates a debt which, according to the legal effect of the instrument, is presently due, but they can have no application to the instrument on which the plaintiffs in this case seek to recover. The declaration contains several special counts, in each of which the plaintiffs declare upon the instrument as a certificate of deposit, and each count concludes with an averment, in substance, that the defendants promised to pay the money according to the tenor and effect of the certificate of deposit.

This is nothing more nor less than an averment that the defendants promised to pay the money *when* due, that is, *when* the holder of the certificate, the same being properly indorsed, presents it to the bank for payment. It is not alleged in all of the counts, nor in either count, that the certificate has been presented to the bank for payment, nor does either count allege any request or demand of payment. We are of opinion that the declaration is insufficient for the reasons stated. The plaintiffs have leave to amend under the general rules as to costs.

The judgment of the county court is reversed, *pro forma*, and the case is remanded.