Gutch v. Fosdick.

FRANCES E. A. GUTCH

v.

LIZZIE FOSDICK et al.

Sundry sums of money, amounting in the aggregate to $4,000, having been deposited by F. G. in trust with J. E., J. E. afterwards, on July 3d, 1877, delivered to F. G. a paper writing, signed by him, which is in the following language: "I hereby certify that I hold in trust for F. G. the sum of $4,000, for which I agree to pay interest at five per cent. per annum, and I promise to refund to her the said $4,000 on demand." More than six years after the date of this instrument, and shortly after the death of J. E., F. G. made demand for the $4,000, with interest, upon the administratrix of J. E., and then filed her bill to enforce payment thereof.—*Held*, (1) that although recovery of the $4,000 might be had at law, yet equity will also enforce payment of it, as the execution of a trust; (2) that, because recovery may be had at law, and in an action at law therefor the statute of limitations may be interposed as a defence, the same statute may be interposed as a defence in a similar suit in equity; (3) that the certificate of J. E. is of a deposit in trust and is not a promissory note; (4) that upon such a certificate, payable on demand, the cause of action accrues when demand is actually made and not at the date of the instrument, as in the case of a promissory note; (5) delay in demanding payment under such as instrument during the life of the trustee does not alone constitute laches fatal to a suit in equity.

On demurrer to bill.

*Mr. Charles L. Carrick,* for the complainant.

*Mr. Cornelius B. Harvey* and *Mr. Gilbert Collins,* for the demurrant.

THE CHANCELLOR.

The bill alleges that, between the years 1872 and 1877, the complainant, from time to time, deposited with Jacob Erwin several sums of money, "in trust to use or invest the same for her use and benefit and subject to her order and control;" that in July, 1877, the money so deposited amounted to $4,000, and

then Erwin gave her a certificate or declaration, of which the following is a copy :

"NEW YORK, July 3, 1877.

"I hereby certify that I hold in trust for Frances E. A. Gutch the sum of four thousand dollars, for which I agree to pay interest at five per cent. per annum, and I promise to refund to her the said four thousand dollars on demand.

"$4,000. J. ERWIN."

that no part of the principal or interest has ever been paid ; that Jacob Erwin used the moneys so deposited with him in the betterment of his estate; that he died intestate in November, 1889, possessed of real and personal property of large value, leaving the defendants as his heirs at law and next of kin, one of whom, Lizzie Fosdick, has been duly appointed administratrix of his estate, and that the complainant has lately demanded the amount of her deposit, with interest, from the administratrix and has been refused payment.

It prays that, by decree, it may be determined that Jacob Erwin held the $4,000 in trust; that his estate is charged therewith, and that his heirs at law and administratrix shall pay it, with interest, out of his estate.

To this bill the defendant Lizzie Fosdick and her husband demur, assigning three grounds for their demurrer; *first*, want of equity ; *second*, that the complainant has a remedy at law ; and, *third*, that recovery of the amount claimed is barred by the statute of limitations.

Upon this hearing the allegations of the bill are to be taken as true.

Here were a series of deposits with Jacob Erwin, in trust, upon an express understanding and agreement that they were to be kept and used for the complainant's benefit. The use to which Mr. Erwin actually put them was the improvement of his own property. Such an investment was not productive of a distinguishable income to the trust fund, because the value of that fund was intermingled with the value of Mr. Erwin's own property. Under the circumstances, he probably, upon an accounting, would be required to pay legal interest. It was under this condition of

affairs that the certificate of July 3d, 1877, was given and ac-
cepted.   By it the trust was distinctly declared, a rate of interest
was agreed upon and the means of determining the trust was pro-
vided.   I fail to perceive how the existence of a trust can be
seriously questioned.   The allegations in the bill expressly charge
it, and the certificate most plainly declares it in terms sufficiently
certain to be completely executed.

There can be no question as to the jurisdiction of this court
in the enforcement of this trust.   It may be that it may also be
enforced at law (*1 Story Eq. Jur. 58*), but the fact of the exist-
ence of such concurrent remedy does not oust the complainant
of her right to proceed in equity.   *Kane* v. *Bloodgood, 7 Johns.
Ch. 90.*

. The third ground of demurrer was principally relied upon at
the argument.

It was insisted for the demurrant, that the declaration or cer-
tificate by Mr. Erwin must be treated as, in effect, a mere promis-
sory note, payable on demand, which might have been sued upon
at law; that in a suit at law the statute of limitations might
have been interposed as a bar to recovery, because it is settled in
this state and elsewhere that a note, payable on demand, may be
sued upon at its date without previous actual demand, and hence
the right of action accrued at the date of the certificate (*Larason*
v. *Lambert, 7 Halst. 247*), and that under such circumstances a
court of equity will follow the law, apply the statute and refuse
the decree asked for.

If I assume the *status* of the declaration of trust to be as the
demurrants insist, I must acquiesce in their conclusion.   In the
case of *Kane* v. *Bloodgood, supra*, Chancellor Kent said: "I
cannot assent to the proposition that all cases of direct and ex-
press trust arising between trustee and *cestui que trust* are to be
withdrawn from the operation of the statute of limitation, not-
withstanding a clear and certain remedy exists at law.   The word
"trust" is often used in a very broad and comprehensive sense.
Every deposit is a direct trust.   Every person who receives money
to be paid to another, or to be applied to a particular purpose to
which he does not apply it, is a trustee, and may be sued either

at law for money had and received or in equity as a trustee for a breach of trust." From the examination of a large number of decisions the chancellor deduces this rule: "That the trusts intended by the courts of equity, not to be reached or affected by the statute of limitations, are those technical and continuing trusts which are *not at all cognizable at law*, but fall within the proper, peculiar and exclusive jurisdiction of this court."

This rule has been repeatedly adopted and approved in this state. *Marsh's Exrs.* v. *Oliver's Exrs., 1 McCart. 262; McClane* v. *Shepherd, 6 C. E. Gr. 76; Partridge* v. *Wells, 3 Stew. Eq. 176; affirmed on appeal, 4 Stew. Eq. 362; Buckingham* v. *Ludlum, 10 Stew. Eq. 145; Kirkpatrick* v. *McElroy, 14 Stew. Eq. 539.*

In the case of *Partridge* v. *Wells*, Vice-Chancellor Van Fleet, after stating the rule, says: "The test, then, obviously prescribed by the rule is, had the suitor a remedy at law which he has lost?" If the complainant in this case had a complete remedy at law which has been lost by lapse of time, he is not entitled to the remedy he seeks here."

Under the assumption that the certificate or declaration of trust is in effect a mere promissory note, payable with interest on demand, the case comes clearly within the test just quoted.

But is this certificate or declaration to be regarded as virtually a promissory note?

It is to be observed that by it Jacob Erwin declares that he *holds* $4,000 *in trust*, not that he *owes* that sum, and that he will *refund* it, not that he will *pay* it. The language is evidently selected with care, to fully and consistently express a deposit in trust, in contra-distinction from a promised payment of a loan or indebtedness. The declarant does not *owe*, he *holds in trust*. Considered independently of the words "*in trust*," the word "*hold*" implies a defensive possession, entirely consistent with that of a trustee. The declarant is to *pay* interest while he thus holds, but he is not to *pay* the principal sum; that he is to *refund*. The word "*pay*," importing indebtedness, is applied only to the interest which springs from the use of the fund. When disposition of the fund itself is mentioned, the word "*refund*" is used in the sense of *restore*. I fail to perceive

how more apt words could be selected to express the idea of a pure deposit in trust. And. besides, it is a continuing trust, for it contemplates a holding which will. justify .payment for the use of the fund. The certificate, then, does not· stand upon·· the footing of a promissory note which treats of the payment of an indebtedness, but upon. the footing of a deposit in continuing trust until. the *cestui que trust* shall by her act, in demanding payment, determine the trust.

Considerable contrariety of opinion exists in the courts of the ·several states as to whether a certificate of deposit, payable on demand, can be sued upon before demand has actually been made. I think that the better opinion is that it cannot be sued upon before demand. I do not find any adjudication in this state upon this subject, and I regret that my time has not permitted me, to exhaustively examine the decisions of our sister states as I could wish. That which I consider the better opinion prevails in New York (*Payne* v. *Gardiner, 29 N. Y. 146; Pardee* v. *Fish,* 60 *N. Y. 265; Howell* v. *Adams, 68 N. Y. 314; Boughton* v. *Flint, 74 N. Y. 476; Munger* v. *Albany City National Bank, 85 N. Y. 580; Smiley* v. *Fry,* 100 *N. Y. 262*), and in Pennsylvania (*Trick. Lim.* § *224*), Maryland (*Fells Point Savings Institution of Baltimore* v. *Allen's Admr., 18 Md. 320*), Vermont (*Bellows Falls Bank* v. *Rutland County Bank, 40 Vt. 377*), Minnesota (*Mitchell* v. *Easton, 37 Minn. 335*), and perhaps other states. Most re·spectable authorities, however, hold the other way. *Curren* v. *Wilter, 68 Wis. 16; Brummagin* v. *Tallant, 29 Cal. 503; Poorman* v. *Mills & Co., 35 Cal. 118; Tripp* v. *Curtenius, 36· Mich. 496; Kildore* v. *Bulkly, 14 Conn. 362.* ·

In recognizing the first cited of these authorities as holding the better opinion, I agree with Chief-Justice Bronson in his remark in *Downes* v. *The Phœnix Bank of Charlestown, 6 Hill 297,* where he says : " I do not find that the point has ever been ·decided ; but it may be that this is the first case where a man ·has sued his banker without first drawing on him for the money. We are reminded that where the promise is to pay on demand, the bringing of the action is a sufficient request. If that were a new question I think the courts should not again· fall into the

absurdity of admitting that there must be a demand and still holding that a suit may be commenced without any prior request. They would either say that no demand was necessary or else that it was a condition precedent to the right of action. It is an anomaly in the law that the breach of the defendant's contract should be made out by the very fact of suing him upon it. In all other cases there must be a breach before suit brought. The rule ought not to be extended to cases which do not fall precisely within it."

By the allegations of the bill in this case it distinctly appears that actual demand for the restoration of the $4,000 was first made within six years previous to the commencement of this suit. If the money had been sued for at law, the suit would not have been barred by the statute of limitations, hence that statute will not be applied here.

It is further insisted for the demurrant, that if the complainant's recovery is not barred by the statute of limitations, this court will, nevertheless, deny her relief, because of her unexplained laches in making demand and instituting her suit. I am not willing to adopt this course at this time. Here is an express continuing trust, presumably acquiesced in by both trustee and *cestui que trust* until the trustee died. The trust was apparently intended to be of indefinite duration for the benefit of the *cestui que trust.* How can it be said that she was guilty of laches in not determining it? I do not think that the bill exhibits laches upon her part. But upon this insistment the demurrer itself is defective, for it fails to point out that the bill is objected to for the reason that it shows the complainant to have been guilty of laches. *Van Houten* v. *Van Winkle, 1 Dick. Ch. Rep. 380.*

The demurrer will be overruled.