## Jacob A. Miller, Appellant, *v.* Western National Bank of York, Pennsylvania.

[Marked to be reported.]

*Banks and banking—Depositors—Evidence—Question for jury.*

On the trial of an action against a bank, plaintiff testified that he sent a note, currency and checks to the bank inclosed in a letter, dated May 24, 1887, worded as follows: "Enclosed find note, currency $745, checks $640," and that on May 25, he received from the bank a communication returning his letter and promissory note only, which communication was as follows: "Note not endorsed by you. Endorse and return." He testified that the currency and checks were received by the bank, and that it had refused to give him credit therefor. The bank denied that it had ever received currency or checks from plaintiff, or a letter on May 24, 1887, but averred that on May 14, 1887, it received a letter from plaintiff as follows: "Gent. Enclosed find note;" that the bank returned the note with the communication offered by plaintiff in evidence. The court submitted the whole case to the jury, reserving the question whether plaintiff was entitled to recover, inasmuch as he had made no demand on the bank prior to bringing the suit. The jury returned a verdict in favor of plaintiff; the court subsequently entered judgment for the defendant on the point reserved non obstante veredicto. *Held*, reversing court below, that the verdict necessarily implied a finding by the jury of each and every material fact relied on by the plaintiff, included the main fact that the money and checks had been remitted to and received by the bank on or about May 24, 1887, and that no demand was necessary.

*Banks and banking—Depositors—Demand prior to suit.*

The general rule that no action can be maintained by a depositor against a bank until a formal demand has been made by him or waived by the bank, does not apply to a case where the bank denies that any deposit had ever been made, and claims that the relation of depositor and depositee had never been created.

In an action against a bank by a person claiming to be a depositor where the evidence shows that it would have been an utterly vain and useless thing for the plaintiff to have made a formal demand on the defendant before bringing suit, the plaintiff will not be required to show that he made such demand.

Argued May 18, 1894. Reargued May 24, 1895. Appeal, No. 511, Jan. T., 1894, by plaintiff, from judgment of C. P. York Co., Aug. T., 1893, No. 39, in favor of defendant non obstante veredicto. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ., on the reargument. Reversed.

Assumpsit to recover the amount of an alleged deposit.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) in granting the motion to enter judgment for defendant; (2) in entering judgment for defendant non obstante veredicto.

*Henry C. Niles, W. F. Bay Stewart* and *George E. Neff,* for appellant.—The verdict of the jury in favor of the plaintiff must, for the purposes of this appeal, be considered as a conclusive finding of all the essential facts in his favor; and the refusal of a new trial, as the approval of the propriety of the verdict, upon the evidence, by the learned nisi prius judge.

The duties of demand and payment are reciprocal, and so are the legal results of these rights : Morse on Banks and Banking, 3d ed., vol. 1, p. 547.

If the bank notifies a depositor that his claim will not be paid, or renders to him an account in which his right is denied, he need make no formal demand : Morse on Banks and Banking, 3d ed. vol. 1, p. 58; Chemical Nat. Bank v. Bailey, 12 Blatchford, 480.

The law does not require a vain thing, or useless and idle ceremonies. When the bank has done something to the knowl-

edge of the depositor that would make a demand nugatory and useless it is waived, the statute commences to run, and the depositor can immediately sue : Union Bank v. Knapp, 3 Pick. 96 ; McGough v. Jamison, 107 Pa. 336 ; Cooper v. Mowry, 16 Mass. 4 ; White v. Franklin Bank, 22 Pick. 181 ; Farmers' & Mechanics' Bank v. Planters' Bank, 10 Gill. & J. 422.

When a bank book is balanced and the balance carried forward, the depositor being informed thereof, the statute of limitations begins to run as to all items before the balancing from its date : Morse on Banks and Banking, vol. 1, sec. 291 ; Union Bank v. Knapp, 3 Pick. 96.

Where the contract is that a factor shall pay his principal the balance due, on demand, if the factor render an account showing a less balance than is really due, the principal has an immediate right of action without demand : Clark v. Moody, 17 Mass. 145.

*J. R. Strawbridge, Henry L. Fisher, Frank Geise* and *E. D. Ziegler* with him, for appellee.—An action will not lie against a bank to recover a deposit until a demand made and a refusal by the bank to pay : Girard Bank v. Bank of Penn. Twp., 39 Pa. 98 ; Finkbone's App., 86 Pa. 368 ; Humphreys v. Nat. Bank, 113 Pa. 420 ; Downer v. Phœnix Bank, 6 Hill. 297 ; Adams v. Bank, 17 Wendell, 514 ; Johnson v. Farmers' Bank of Delaware, 1 Harrington, 117 ; Branch v. Dawson, 33 Minn., 400 ; Prettyman v. Hartly, 77 Ill. 265 ; McEwen v. Davis, 39 Ind. 109.

In such a case as this the bringing of a suit is not such a demand as the law requires : Morse on Banks and Banking, sec. 289 ; Chemical Nat. Bank v. Bailey, 12 Blatch. 480 ; Thompson's Nat. Bank Cases, 260 ; Payne v. Gardner, 29 N. Y. 146 ; 5 Am. & Eng. Ency. of Law, 528 ; Heard v. Lodge, 37 Mass. 53.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 6, 1896 :

In his statement filed, plaintiff bases his claim on substantially the following averments of fact : (1) That on May 24, 1887, he duly remitted by mail to defendant bank for deposit to his credit, $745 in currency, and $640 in properly indorsed checks, which currency and checks, together with a letter of same date to the bank and a certain promissory note, were in-

closed in a securely sealed and properly addressed envelope and mailed at Red Lion Post Office. The following is a copy of said letter:

"RED LION, York County, Pa. May 24, 1887.

"WESTERN NATIONAL BANK, York, Pa.  Gent.—Enclosed find note.  Currency $745.00.  Checks $640.00.

"Resp'y. J. A. MILLER."

(2) That on the following day, May 25, 1887, he received by mail from defendant bank a communication returning his said letter and promissory note, and nothing else. Said communication was written on the returned letter, by the cashier of defendant bank, informing plaintiff that the accompanying promissory note had not been indorsed by him and requesting him to indorse and return it. The following is a copy of what the cashier thus wrote:

"Note not endorsed by you.  Endorse and return.

"Very Resp. C. E. LEWIS, Cash."

(3) That said currency and checks, amounting to $1,385, were received by the defendant bank on the 24th day of May, 1887, but it failed, neglected and refused to give plaintiff credit therefor or for any part thereof, etc.

The defendant bank, in its affidavit of defense, denies that it ever received said $745 in currency, and $640 in checks, or any part thereof, by mail or otherwise, and also denies that plaintiff, on May 24, 1887, or at any other time, wrote and mailed to it a letter such as the copy contained in his statement; but, on the contrary it avers that on May 14, 1887, plaintiff mailed a letter to defendant which, without more, read thus: "Gent.—Enclosed find note.  Resp. J. A. MILLER;" that said letter did contain a note which defendant believed plaintiff intended should be discounted for him and proceeds passed to his credit, but, said note not being indorsed, defendant bank wrote at the end of said letter the words: "Note not endorsed by you.  Endorse and return.  Very Res. C. E. LEWIS, Cash$^r$," and remailed the same to plaintiff; that said letter, thus returned to plaintiff by mail on or about May 14, 1887, did not contain the words and figures: "Currency $745.00.  Checks $640.00," either at the time it was received by the defendant bank or when it was returned by mail to plaintiff, etc.

It thus appears that the material facts, upon which plaintiff based his claim to recover the amount of said currency and checks, with interest, etc., were expressly traversed and denied. The controlling issue of fact before the jury was therefore whether said currency and checks were mailed to and received by defendant bank, as averred by plaintiff? The burden of proof was on him and he accordingly introduced testimony tending to sustain his claim, the most important item of which testimony was the letter of May 24, 1887, advising defendant of the remittance of said currency and checks. Without proving to the satisfaction of the jury that these were mailed to and received by the bank, plaintiff had no case.

It is not our purpose to review the testimony bearing on the questions involved in the issue. It is sufficient to say that it presented questions of fact which were clearly for the exclusive determination of the jury. The case was submitted to them with full and adequate instructions as to the facts that must be found by them before they would be warranted in rendering a verdict in favor of plaintiff. After commenting on the testimony relied on by the parties, respectively, the learned trial judge said, among other things : " the facts of this case are in a very small compass. We have the evidence of the plaintiff accompanied by this letter, (referring to his letter of May 24, 1887) and very largely based upon it, that he sent the amounts stated therein to the bank for deposit; and we have the evidence of the cashier that it was not so received, and that it was unaccompanied by any deposit when he received it, and that it did not bear upon its face any reference to any deposit of any amount. And then we have these statements to the plaintiff, and his acquiescence in the settlement of his account by the bank down to the bringing of this suit, with the exception of those two letters. As I told you in the beginning, the cen tral fact—the central question in this case is whether that deposit was made ; and that is entirely dependent upon this letter, its genuineness and its present altered or unaltered condition."

In answering defendant's second point, referring to the letter, he said : " if the date of the paper when received at the bank was May 14, 1887, and if that date has been changed to May 24, 1887, by the plaintiff, or with his knowledge, procure-

ment or assent, you have the right to apply the principle that
he who tampers with or interferes in any way with an instru-
ment of evidence which he is going to use in his behalf, must
have every presumption against him. The jury is entitled to
make every presumption against him. And if the words, ' cur-
rency $745, checks $640,' were not in the letter when received
at the bank and returned to the plaintiff, but were inserted
afterwards by him, or with his knowledge, procurement or con-
sent,—I say if these words were not in the letter when they
were received at the bank, there is an end of this case; for
there would be an absolute want of evidence showing that this
deposit was made."

Again, in affirming defendant's third point, he explicitly
charged : " That unless the jury are satisfied from the evidence
that on the 24th of May, the alleged deposit in currency and
checks was received by the defendant, as averred by the plain-
tiff . . . . in his statement, the verdict must be for defendant."

Under these and other instructions, quite as favorable to the
defendant bank as they should have been, the verdict for plain-
tiff was rendered, subject to the question of law reserved. The
verdict thus rendered necessarily implies a finding by the jury
of each and every material fact relied on by the plaintiff, as
above stated, including, of course, the main fact that the money
and checks, amounting to $1,385, were remitted to and received
by the defendant bank on or about May 24, 1887, as averred in
his statement. For the purposes of this appeal these facts must
be regarded as having been conclusively established by the ver-
dict; and the sole question is whether, in view of the facts thus
established, the court was warranted in reserving the question
and afterwards entering judgment thereon for the defendant,
non obstante veredicto, solely for the reason that no formal
demand was made by plaintiff before he brought suit. If the
relation of depositor and depositee had been admitted, or estab-
lished by the verdict, it cannot be doubted that no action could
have been maintained by the depositor until a formal demand
had been made by him or waived by the bank. The principle
applicable in such cases is too well recognized to require either
argument or citation of authority; but, as we have seen, that
is not this case. As to the currency and checks, in question,
—the only items of claim and subjects of controversy in this

case,—the defendant bank has, from first to last, persistently denied that the relation of depositor and depositee, between it and plaintiff, ever had any existence in fact; and the plaintiff does not base his right to recover on the existence of any such relation, but on the sole ground that, while the bank received the currency and checks transmitted by him, it refused to credit him therewith, or, in any manner, to recognize him as depositor of the same. Why then require him to perform the idle ceremony of demanding payment of that which the bank persistently denied, and still denies, he ever deposited, and, as to which he himself does not claim that the relation of depositor and depositee was ever created? That relation cannot be created without the meeting of two minds,—one to propose and the other to accept. In this case, plaintiff offered to deposit the currency and checks with defendant bank, but the latter never accepted the offer, and has always denied that it was ever made. The jury found as a fact that it was made, and that the currency and checks in question accompanying it were retained by the bank. In these circumstances, the existence of which has been conclusively established by the verdict, there was, in my opinion, no necessity for any demand before bringing suit. On all occasions, before suit as well as after, the bank positively denied that it had ever undertaken to act as depositee of the checks and currency in question, and actually repudiated plaintiff's claim thereto. Having done this, the defendant, on the score of consistency, should not be permitted, by way of further defense, to insist that there was no demand for that which it declares it never had. In view of the clearly established and undisputed facts, I would hold as matter of law that the plaintiff had a right, without more, to maintain an action for the amount of his claim.

But, assuming that this position is either doubtful or untenable, and that it was incumbent on the plaintiff to prove, inter alia, that demand was made, or that it was waived by the bank, or that the necessity for demand was obviated or dispensed with by unequivocal acts of the bank which were tantamount to an express waiver, can there be any doubt that the latter alternative was conclusively established by uncontradicted evidence to which some reference has been made? We think not.

While the duties of depositor and depositee are, as a general

rule, reciprocal,—the one to pay on demand, and the other to make such demand before a right of action accrues, there are— as in other transactions where previous demand is required— several exceptions to the rule. When, for example, a bank has suspended payment and closed its doors, a demand would be unavailing; the bank by its acts has waived the necessity for a demand: Cooper v. Mowry, 16 Mass. 7. " Notice by a bank to its depositor that his claim will not be paid," renders demand unnecessary: Farmers' Bank v. Planters' Bank, 10 Gill & J. 422; 2 Am. & Eng. Ency. of Law, 102. So, also, sending a depositor an account claiming the money as its own : Bank of Mo. v. Benoist, 10 Mo. 519. " Discontinuing banking oper- ations with knowledge thereof by depositor," is equivalent to express waiver of demand : Planters' Bank v. Farmers' etc., Bank, 8 Gill & J. 419. And, generally, where it is shown that demand, if made, would be disregarded or prove useless, the necessity of making it is obviated and need not be proved : Heard v. Lodge, 37 Mass. 53 ; Abels v. Glover, 15 La. An. 724 ; 5 Am. & Eng. Ency. of Law, 528*b* ; 1 Morse on Banks & Banking, (3d ed.) 548, sec. 322*e* ; Thompson's Nat. Bank Cases, 260 ; Bank v. Bailey, 12 Blatchford, 480.

In Heard v. Lodge, supra, it was said : " It is a fundamental principle that the necessity for a formal demand is often waived or obviated by the conduct of the other party, or when the state of the case is such as to show that a demand would have been unavailing. It is peculiarly true in a case where the party wholly denies the right of him who seeks performance." " If the bank, by words or conduct, denies the depositor's right to his balance, it becomes presently liable to an action without for- mal demand, and interest would be recoverable as damages : " Thompson's Natl. Bank Cases, 263.

There is no sounder maxim than that upon which all the fore- going and other so-called exceptions to the general rule, as to demand, are founded : " The law compels no one to do vain or useless things." According to the positive and uncontradicted evidence in this case, in connection with the facts conclusively established by the verdict, it would have been an utterly vain and useless thing for the plaintiff to have made a formal demand on defendant bank before bringing suit. The necessity for such demand was clearly obviated by the unequivocal acts and dec-

larations of the bank in positively and repeatedly denying plaintiff's right to make any claim upon it in respect of the currency and indorsed checks in controversy.

If there was any question as to the regularity or validity of the verdict,—whether it was against the weight of the evidence, or contrary to the charge, etc., the proper forum for that was the court below. From the fact that defendant's rule for new trial, etc., was discharged, it may be inferred that the verdict was satisfactory to the court. Whether that was so or not, is not a matter for our consideration. As an approved verdict, we must accept, as verity, the findings of fact of which it is necessarily predicated.

It follows from what has been said that the question of law reserved: "Whether the plaintiff, not having shown or proved any demand and refusal before suit brought for the value of the deposit, is entitled to recover in this suit, if otherwise entitled to recover?"—is irrelevant and immaterial, and judgment for the defendant, non obstante veredicto, was unwarranted. Both assignments of error are therefore sustained.

Judgment reversed, and judgment is now entered in favor of the plaintiff on the verdict for $1,385, the amount found by the jury, with interest from date of the verdict.