## Kaechele *v.* Traction Company.

*Street railway—Head-on collision—Question for jury.*

Where a head-on collision results from the traveler using at night the tracks of the trolley company, the exact place and time when and where the traveler should have turned from the track in recognition of the superior rights of the trolley is a question for the jury under the conditions of the case. The traveler in the case at bar was driving on the track because of the roughness of the road; the trolley approached rapidly without a headlight or warning and struck plaintiff.

*Street railway—Measure of care exacted.*

It is the duty of the railways to exercise such watchful care as will prevent accidents or injuries to persons who, without negligence on their part, may not at the moment be able to get out of the way of a passenger car.

Argued May 7, 1900. Appeal, No. 180, April T., 1900, by defendant, in suit of Frederick Kaechele against United Traction Company, from judgment of C. P. No. 2, Allegheny Co., April T., 1898, No. 941, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by ORLADY, J.

Trespass for personal injuries.   Before SHAFER, J.

The facts sufficiently appear in the opinion of the court.

The court below refused defendant's point asking for binding instructions.

Verdict and judgment for plaintiff for $1,362.75.   Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*H. L. Castle*, with him *Stone & Potter*, for appellant.—The relative rights of the public and the street railway are very clearly defined by Justice PAXSON in his opinion in the case of Ehrisman v. Railway Co., 150 Pa. 180.

The rights of railway companies are superior to those of the public.   Their cars have the right of way, and it is the duty of the citizen, whether on foot or in vehicles, to give unobstructed passage to the cars.

This court has recognized and affirmed the doctrine laid down in the above case, in the case of Jones Bros. v. Railway Company, reported in 9 Pa. Superior Ct. 65.

It is true that the plaintiffs say that they did not see the car until it loomed up before them as a dark object a few feet away, but, in the face of the admitted facts, it seems to us that such testimony is not material.   These facts are:

1. A street car track with a clear view for 800 feet.

2. A car completely lighted, at least on the inside, if not in the headlight, with open windows, front and side, out of which the light streamed.

3. A man stationed a considerable distance back of the wagon, with no better facilities than the plaintiffs for seeing, and who did see the car at a point which would have given the plaintiffs ample time to have gotten off if they had simply used their eyes.

4. This was not a case of running down a man, but it was head-on collision, where the plaintiffs drove immediately into danger.   All these facts taken together, it seems to us, places such a burden of responsibility upon the plaintiffs in this action, that unless they would show, which they did not pretend to do, that there was some flagrant act of recklessness upon the part of the motorman, that they should not succeed.

It seems to us also that the rule of law applies with force to this case as laid down in Haven v. Pittsburgh & Allegheny Bridge Company, 151 Pa. 629.

*William A. Challener*, for appellee.—The cases cited for the appellant are not in point. The rule laid down by this court in Jones Bros. v. Railway Co., 9 Pa. Superior Ct. 65, is not disputed.

If appellant's deductions from Haven v. Pittsburg, etc., Bridge Co., 151 Pa. 620, be carried out to their logical conclusion, it is negligence per se for a teamster to use a car track at all, unless the entire width of a public highway is occupied by the street car tracks. Such is not the law.

Negligence is the absence of care, according to the circumstances of each particular case.

The plaintiffs in this case did nothing contributing to the happening of this accident, and the jury so found.

They looked and they listened, and upon the first intimation of the approach of the car made a prompt but ineffectual attempt to avoid it.

OPINION BY ORLADY, J., July 26, 1900:

The plaintiff was driving a two horse bakery wagon along a township road which was occupied by a trolley track. He alleged that the night was dark and very foggy, and although there was ample roadway outside of the single trolley track that he had used the track in preference to the roadway because the latter was rough and the tracks were more safe, and that as he was coming slowly down the road—because one of the horses had a shoe off and he had to drive carefully —and was looking in front and listening, that a car, running at a high rate of speed, without a headlight and without sounding a gong, approached from the opposite direction and was not seen until it was about fifteen feet away, "just like a black spot," so that before he could drive from the track, the wagon and car met in a head-on collision. The lights in the body of the car were burning, but it was contended by plaintiff that owing to the fog, and because a curtain was drawn across the front of the car immediately behind the motorman, they did not make the car visible from a front view.

The verdict against the defendant necessarily implies a finding by the jury of each and every material fact relied on by the plaintiff. For the purposes of this appeal these facts must be regarded as conclusively established by the verdict: Miller v. Bank, 172 Pa. 197. A new trial was refused by the learned trial judge which gives the verdict the seal of his approval upon the evidence.

The accident occurred in the country and not at a crossing. The traveler and trolley car had a right of common user of the track, but the car had the superior right to which the traveler should have yielded, on sight or notice. The exact place and exact time, where and when the traveler should have turned from the track is a difficult question, and in this case depends upon conditions in regard to which a jury only can decide. It was the mutual duty of each to have been on the look out for the other, the degree of caution required by the traveler being increased by the fact that, the street car had the superior right of way.

It is the duty of the railways to exercise such watchful care as will prevent accidents, or injuries to persons who, without negligence on their part, may not at the moment be able to get out of the way of a passenger car: Ehrisman v. Harrisburg Co., 150 Pa. 180; Gilmore v. Railway Co., 153 Pa. 31; Thatcher v. Traction Co., 166 Pa. 66.

The view of the track was not clear; the existing conditions required the driver and motorman to exercise greater care than would be demanded of either in clear daylight. The evidence was not one-sided and the jury adopted the plaintiff's testimony as the truth. While it may appear to us as being short of what we would require, if sitting as jurors, to found so large a verdict upon, yet, as was said in Kohler v. Railroad Co., 135 Pa. 346, " Our duty is to administer justice in that broader scope in the preservation of the stability of legal rules, and uniformity in the interpretation of the law. It is ours to declare the law, but the duty to see that juries obey it is upon the judges who preside at trials, and the power to enforce such obedience is one which should be unflinchingly exercised in the appropriate method."

The judgment is affirmed.