JOHN A. ELLIOTT, Administrator, Appellant, v. CAPITAL CITY STATE BANK.

Banks and banking: DEPOSITS: LIMITATION OF ACTION. A deposit in a bank does not constitute a loan of the money to the bank; and the statute of limitations will not commence to run against an action on a certificate of deposit until demand for payment has been made, and such demand need not be made within the period of limitation when computed from the date of the deposit.

*Appeal from Polk District Court.*— HON. A. H. McVEY, Judge.

WEDNESDAY, JUNE 7, 1905.

SUIT at law on a demand certificate of deposit. A demurrer to the petition was sustained, and the plaintiff appeals.— *Reversed.*

*Dale & Harvison,* for appellant.

*Read & Read,* for appellee.

SHERWIN, C. J.— The certificate sued on is as follows: " $1500.00. Des Moines, Iowa, March 23, 1885. Capital

City Bank. Mary J. Penrose has deposited in this bank Fifteen Hundred Dollars, payable to the order of herself on the return of this certificate properly endorsed with 4 per cent interest, per annum. A. W. Naylor, President. No. 15108." The demurrer was sustained on the ground that the cause of action was barred by the statute of limitations, and the correctness of the ruling is the only question for determination.

The trial court evidently sustained the demurrer on

the authority of *Mereness v. First National Bank,* 112 Iowa,. 11, and under the rule there announced, its decision was

1. BANKS AND BANKING: deposits.

right. The decision in the Merenes Case, however, was planted on the ground that a general deposit of money in a bank is a loan of the money to the bank, and that an ordinary certificate of deposit is nothing more or less than a promissory note, to be governed, with certain exceptions, by the rules governing such notes. If it be true that a deposit in the usual course of business is a loan to the bank of the money deposited, then it may consistently be said that a certificate representing such loan is a promissory note; but the fundamental error in the Mereness Case, and in the cases on which it was based, was the holding that an ordinary deposit of money in a bank is a loan thereof to the bank. See *Lowry v. Polk County,* 51 Iowa, 50; *Long v. Emsley,* 57 Iowa, 11. In the later cases of *Officer v. Officer,* 120 Iowa, 389, and *Hunt v. Hopley,* 120 Iowa, 695, we distinctly held that an ordinary deposit is not a loan to the bank, and in the latter case we expressly overruled *Lowry v. Polk County,* in so far as it so held. With this conclusion, and the arguments on which it is based in these cases, we are content, believing it to be sound and in accord with the great weight of authority. The conclusion in the Mereness Case having been predicated on false premises, it follows that it must fall with its foundation, unless there be some other sufficient reason for holding that a demand certificate of deposit should be treated as a demand promissory note, so far as the statute of limitations is involved. We do not believe that any sound reason for so holding exists. It is undoubtedly true that such certificates have many of the incidents of promissory notes, and that they are often classed as such, but it is equally as true that a certificate of deposit represents a transaction entirely different from that represented by a note. A promissory note ordinarily represents a loan or its equivalent, and it is generally the duty of the debtor to seek the

creditor and pay him, and it was for the protection of the debtor that demand notes were originally held to be due at once. Deposits are made in a bank in accordance with the universal commercial usage, which becomes a part of the law of the transaction. They are neither loans, nor bailments in the strict sense of the term. A deposit is a transaction peculiar to the banking business, and one that the courts should recognize and deal with according to commercial usage and understanding. The primary purpose of a general deposit is to protect the fund, and some of the incidental purposes thereof are the conveniences of checking and transacting large business interests without keeping and handling large sums of money. The transaction is in reality for the benefit and convenience of the depositor, and while the relation of debtor and creditor exists, and the bank has the use of the money for commercial gain, it assumes no further obligation than to pay the amount received when it shall be demanded at its banking house. *Girard Bank v. Bank of Penn Township,* 39 Pa. 92 (80 Am. Dec. 507).

A bank may receive or decline deposits, and do business with whom it pleases. It may receive a general deposit today, and to-morrow, for reasons of its own, it may return the amount deposited, and refuse absolutely to transact business further with such depositor. See 5 Cyc. and cases cited. But unless the banker desires to return the deposit, he is under no obligation to seek his creditor for the purpose of making payment. If no actual demand be necessary to mature the debt created by a deposit, then depositors may sue at once upon leaving the bank, and a transaction intended to be for the mutual benefit of both may become one of oppression and wrong to the bank, and this the law should not tolerate. That a certificate of deposit is distinguishable from a demand promissory note, we think clear. Morse on Banks and Banking (3d Ed.) section 298; *Smiley v. Fry,* 100 N. Y. 262 (3 N. E. Rep. 186); *In re Hunt,* 141 Mass. 515 (6 N. E. Rep. 554); *Murphy v.*

*Pacific Bank,* 130 Cal. 542 (62 Pac. Rep. 1059); *Bank v. Bank,* 40 Vt. 377; *Officer v. Officer, supra; Hunt v. Hopley, supra.* And that it is not due and payable until actual demand is made, we think is held by the overwhelming weight of authority. Morse on Banks and Banking (3d Ed.) section 301; *Merchants' National Bank v. State Bank,* 10 Wall. 604 (19 L. Ed. 1008), followed by the same court in later cases; *Cottle v. Marine Bank,* 166 N. Y. 53 (59 N. E. Rep. 736), and New York cases therein cited; *Dickinson v. Leominster Savings Bank,* 152 Mass. 49 (25 N. E. Rep. 12); *Miller v. Western Natl. Bank,* 172 Pa. 197 (33 Atl. Rep. 684); *McGough v. Jamison,* 107 Pa. 336; *Girard Bank v. Bank of Penn. Twp., supra; Braham v. Adkins,* 77 Ill. 263; *Long v. Straus,* 107 Ind. Sup. 94 (6 N. E. Rep. 123, 57 Am. Rep. 87); *Bellows Falls Bank v. Bank,* 40 Vt. 377; *Tobin v. McKinney,* 15 S. D. 257 (88 N. W. Rep. 572); *Citizens' Bank v. Fromholz,* 64 Neb. 284 (89 N. W. Rep. 775).

The decisions of many of the other states are to the same effect, but we need cite no further authority on the proposition. Furthermore, the certificate in issue provides that it is payable on presentation properly indorsed, and its express language repels the thought that it is payable otherwise than on actual demand. Morse on Banks and Banking, section 302; *McGough v. Jamison, supra; Cottle v. Marine Bank, supra; Girard Bank v. Bank of Penn. Tp., supra.* And the principle is also analogous to that of a bill payable on or after sight, which is not due until it is presented and payment demanded. 3 Randolph on Commercial Paper, 1608.

We think there is no merit in the appellee's contention that, if an actual demand is necessary to mature the certificate, such demand must be made within the period of the statute of limitations. The parties may contract as they will. The depositor having the right to demand the amount due him at any time, and the bank having the right to pay

at any time, there can be no extension of the statute of limitations by either party, nor any laches on the part of either.

The demurrer should be overruled, and the case is *reversed.*