GEORGE A. STEELE, Appellant, v. MRS. S. M. INGRAHAM, Appellee.

EVIDENCE: Parol Evidence—Contradicting Date of Maturity of Promissory Note. The date of maturity of a promissory note may not be contradicted by evidence of an oral conversation prior to the signing of the note.

**TRIAL:** Instruction to Jury—Duty of Jury to Obey. The instruc-
2   tions constitute the law of the case for the jury, and a judgment on
    a verdict contrary to the instructions will be reversed.

**BILLS AND NOTES:** Consideration—Failure of Consideration. An
3   entire failure of consideration for a note defeats the note as to one
    against whom such plea is available. *Held*, evidence insufficient to
    sustain a verdict finding such failure of consideration.

*Appeal from Polk District Court.*—LAWRENCE DE GRAFF,
Judge.

SATURDAY, DECEMBER 18, 1915.

REHEARING DENIED FRIDAY, APRIL 7, 1916.

ACTION on promissory note resulted in verdict and judg-
ment thereon for defendant. The plaintiff appeals.—*Reversed.*

*A. L. Steele*, for appellant.

*Fred F. Keithley* and *J. G. Myerly*, for appellee.

LADD, J.—The defendant exchanged a tract of land in
Kansas for a farm in Iowa. Therein W. W. Cornwell acted as
her agent. She gave him the note of $175, payable one year
after date, in part at least for services so rendered. As the
note was transferred after maturity, the defenses pleaded were
quite as available as though Cornwell had sued. The defend-
ant alleged, in an amendment to the answer:

"Cornwell obtained said note from defendant, and as a
consideration therefor, the said Cornwell agreed to put in
writing his said agreement that he would sell said land for
the defendant within a year for $80 per acre, or rent said land
on or before the 1st of March, 1913, to a responsible tenant
for five years, at the annual rental of $3.50 per acre, and that
said note should become due and payable only when he had
performed said agreements."

If such an agreement there was, it was not reduced to
writing. The original answer averred that the consideration

had failed and that defendant was compelled to rent at a lower rate and to sell the land at a sacrifice. The issue of fraud and evidence bearing thereon were withdrawn from the jury.

The burden of proof was on the defendant, and to sustain the averment of the answer, she testified that she was reluctant about making the deal; that Cornwell urged her to exchange, saying that, if she did so, he would either rent the farm for her "for five years at $3.50 per acre or I will sell it for you in one year if you will give me the exclusive right to do this;" that after some negotiations the deal was made, she relying on said promise; that thereafter she said to him, in substance, that, as she was getting no money, she could not pay any commission then, and he responded, "That don't make any difference about commission;" he could wait for same "until he sold the farm." A day or two later, she gave the note payable one year after date, there being no conversation at the time, save as to the amount and his agreement to reduce his promise to writing. She testified further that she did not own the Iowa land at the time of the trial. This is all the evidence favorable to plaintiff bearing on the issues.

1. EVIDENCE: parol evidence: contradicting date of maturity of promissory note.

1.   In the fifth instruction, the jury was directed to ascertain whether, as an inducement of exchange, Cornwell undertook to sell the farm at $80 an acre within one year, or rent same for five years at a rental of $3.50 an acre, and, further, whether at such a time he agreed that said note should become due and payable only when he had done so, exacting an affirmative finding as to both to warrant a verdict for defendant. There was no competent evidence of any agreement as to when the note became due, save that found in the note. The answer admitted the making and delivery of the note. What Cornwell said related only to the time of payment of the commission. When the note was executed, a day or two later, the time of payment was inserted therein, "12 months after date." This would be after the lapse of the year in which Cornwell

is said to have stated that he would sell the farm. The parties having definitely agreed in writing as to time of payment, the terms of the note might not be varied by the evidence of the previous conversation, in which a different time of payment was proposed. In other words, an oral understanding, had a day or two before the execution of a written agreement on the same subject-matter, is merged therein, and may not be proved over an objection that it tends to vary the terms of a written instrument.

2. In the sixth instruction, the jury was told that, in order to find for defendant, it must appear by a "preponderance of the evidence that the defendant had given the said Cornwell one full year from and after the 22d day of June, A. D. 1912, in which to make sale of said land, or had given him until March 1, 1913, to rent the same for $3.50 per acre. And if defendant has failed to satisfy you by a preponderance of the evidence that she retained the land for at least one year, giving said Cornwell the right to sell or rent the said land under the terms and conditions contained in said alleged contract, then plaintiff is entitled to recover as prayed in his petition."

2. TRIAL: instruction to jury: duty of jury to obey.

The record is silent as to when defendant parted with the Iowa farm, and, had this instruction been followed by the jury, the verdict must have been for the plaintiff.

3. The evidence tended to show that Cornwell, in order to induce the defendant to exchange the Kansas land for an Iowa farm, promised that, if the exchange were made, he would sell the Iowa farm for $80 an acre within one year or rent the same at $3.50 an acre for five years, and that he would reduce such agreement to writing; and that she executed the note in consideration of such agreement, as well as his services in making the exchange, and this issue would rightly have been submitted to the jury had there been any evidence that Cornwell was given the exclusive sale of the land for one year in

3. BILLS AND NOTES: consideration: failure of consideration.

addition to the showing of failure to sell or rent the same. Because there was not sufficient evidence to support the verdict, and because of the errors in the instructions, the judgment is—*Reversed.*

DEEMER, GAYNOR and SALINGER, JJ., concur.