NICK ELGERSMA, Guardian, Appellant, v. SHELDON NATIONAL BANK, Appellee.

**EVIDENCE:** Parol as Affecting Writings—Interest on Deposit. Parol evidence is inadmissible to contradict the written provision of a bank certificate of deposit to the effect that interest was not payable on the deposit after maturity.

*Appeal from O'Brien District Court.*—C. C. BRADLEY, Judge.

OCTOBER 24, 1922.

The opinion states the case.—*Affirmed.*

*C. A. Babcock,* for appellant.

*T. E. Diamond,* for appellee.

PRESTON, J.—On March 19, 1917, defendant bank, by its assistant cashier, Burkle, issued to appellant a certificate of deposit as follows:

"This certifies that Nick Elgersma, Gdn. for Mary Elgersma, has deposited with the Sheldon National Bank six hundred twenty-three and 35-100 dollars ($623.35) payable to the order of self in current funds 6-12 months after date, on return of this certificate properly indorsed, with interest at the rate of 5 per cent per annum. No interest after maturity. Nonnegotiable. Not subject to check."

Appellant did not return the certificate, properly indorsed. Notwithstanding the provision of the writing that no interest

was to be paid after maturity, appellant claims three years' interest, with annual rests, and that the amount due March 19, 1920, was $721.90, for which amount, on April 13, 1920, plaintiff made a demand on the defendant in writing.

Appellant's contention is that the certificate was due in six or twelve months, at his option, and that there was a parol agreement between plaintiff and Mr. Clagg, cashier of defendant bank, whereby the guardian was to deposit said sum, and that the bank was to renew the certificate at the end of each year. It is alleged in the petition that this agreement was made about a week prior to the issuance of the certificate of deposit; but plaintiff's evidence tends to show that the conversation was at the time of the deposit. The conversation was with plaintiff's attorney, and plaintiff testifies that he was present; but the other witness for plaintiff does not remember that the guardian was present. Plaintiff's claim is that the deposit should so run until the ward was of age, in 1930. The only witnesses who testified in the case are the attorney, Babcock, and the cashier, Clagg. The abstract does not so show, but we assume that Clagg was a witness for plaintiff. The cashier's evidence differs somewhat from that of the attorney. He says, however, that he had a conversation with Babcock on that date, in which Babcock said that putting the money in the bank in this form would save the necessity of his filing an annual report each year, of the guardian's funds, as the certificate would be renewed every year, and it was issued for that purpose, and as a convenience, with the understanding that it was to be renewed every year, with the interest added. There was a talk about renewing the certificate from year to year, but he says:

.    "Babcock wanted to put the burden of renewing it every year onto me; but I suggested that he and the attorney looking after that do this, because I was busy, and had a great many certificates outstanding. I consented to the terms, and was willing that it should be renewed on that basis. Mr. Elgersma never spoke to me, that I remember of, about this certificate after it was made, up to the time I left the bank."

He ceased to be cashier June 1, 1918.

Defendant offered to confess judgment for the sum of

$654.52, with costs, this being the amount of the certificate and one year's interest. The trial court held that this evidence as to the parol agreement was incompetent, for that it violated the parol evidence rule, and sought to alter, vary, and contradict the terms of the written certificate; and on motion of defendant, the court struck out the evidence in reference thereto, and directed a verdict for plaintiff for the amount of the certificate, with one year's interest. From this ruling and the judgment entered thereon, the plaintiff appeals.

Appellant refers to the numerous exceptions to the parol evidence rule, one of which is that a contract may be partly in writing and partly in parol. We have held, however, that, even though an agreement rested partly in parol and partly in writing, no parol testimony is admissible which tends to vary any of the express terms of that part of the contract which was reduced to writing. *Steele v. Ingraham,* 175 Iowa 653; *Miller v. Morine,* 167 Iowa 287; *Houts v. Sioux City Brass Works,* 134 Iowa 484; *Fawkner v. Smith Wall Paper Co.,* 88 Iowa 169; 10 Ruling Case Law 1038.

In the instant case, the writing expressly provides, in language which is unambiguous, that no interest should be allowed after maturity. To sustain plaintiff's contention, interest would have to be allowed for two years or more after the certificate of deposit matured. A certificate of deposit such as this is such a writing as that its terms may not be varied or added to by parol. Appellee cites *Cochran v. Zachery,* 137 Iowa 585, and many other cases, to the proposition that all prior negotiations between the parties touching the matter of payment of interest were merged in the written certificate, and no parol evidence thereof tending to vary or contradict the terms is admissible. No fraud, accident, or mistake is pleaded by plaintiff, and he does not seek in this action to reform this certificate. This being so, and since, as we think, the offered evidence would contradict the writing, the trial court properly held that it was inadmissible. The certificate never having been surrendered by plaintiff to the defendant, properly indorsed, according to its terms, defendant was not bound to pay plaintiff anything thereon until he had so tendered or surrendered the certificate, prop-

erly indorsed. *Elliott v. Capital City St. Bank,* 128 Iowa 275.

In *Verdi v. Helper St. Bank,* 15 A. L. R. 641, it was held that interest will not run on a certificate of deposit after maturity, where it is for a specified time, and expressly stipulates that no interest will be paid after maturity. It was also held that parol evidence is not admissible to show that interest is to continue after maturity.

The judgment is—*Affirmed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.