COPE, J.
The main question before us is when the statute of limitations begins to run where there has been nonpayment of a certificate of deposit. We conclude that it begins to run upon the date of written demand by the depositor, after the certificate has matured. We therefore reverse the summary judgment which held the suit to be time-barred.
I.
In September 1988, plaintiff-appellant Rogelio Penagos opened a certificate of deposit at defendant-appellee Capital Bank. The maturity date was December 27, 1988. After maturity plaintiff inquired periodically about the funds, and was assured that they would be forthcoming, but he was never paid.[1] On November 30, 1991, plaintiff made the first of two written demands for payment of the certificate of deposit. In February 1995, he filed suit.
*1090 The Bank moved for summary judgment, contending that the five-year period for an obligation founded on a written instrument, see § 95.11(2)(b), Fla. Stat. (1987), had expired because suit was filed more than five years after the 1988 maturity date of the certificate of deposit. The trial court agreed and entered summary judgment in the Bank’s favor. Plaintiff has appealed.
The relevant version of the Uniform Commercial Code (“UCC”) states:
A cause of action against the obligor of a demand or time certificate of deposit accrues upon demand, but demand on a time certificate may not be made until on or after the date of maturity.
§ 673.122(2), Fla. Stat. (1987).[2] Contrary to the Bank’s argument, the statute of limitations did not begin to run on the maturity date, but instead began to run on the date of demand. See id.; see also Landreth v. First National Bank of Cleburne County, 45 F.3d 267, 270 (8th Cir. 1995); Edelmann v. Chase Manhattan Bank, N.A., 861 F.2d 1291, 1301-02 (1st Cir.1988); Garcia v. Chase Manhattan Bank, N.A., 735 F.2d 645, 648 (2d Cir. 1984); Yahn & McDonnell, Inc. v. Farmers Bank, 708 F.2d 104, 107 (3d Cir.1983); Pagano v. United Jersey Bank, 276 N.J.Super. 489, 648 A.2d 269, 272 (1994), affirmed, 143 N.J. 220, 670 A.2d 509 (1996).
Because in analogous circumstances the Florida statute of limitations interprets “demand” to mean a written demand, see § 95.031(1), Fla. Stat. (1987), we rule consistently here and conclude that the accrual date is the date of written demand by the depositor.' Because the suit was filed within five years of the written demand, the plaintiffs action is timely. We therefore need not reach plaintiffs alternative defense that the Bank had lulled him into not bringing suit because it made repeated verbal assurances that he would be paid.
Plaintiff also asserted negligence and conversion claims arising out of this same controversy. Given our conclusion that compensable injury arose only upon the Bank’s refusal to pay after written demand, it follows that the same accrual date should be applied for the negligence and conversion claims. As the lawsuit was filed within the four-year statutory limitation period on those claims, see § 95.11(3), Fla. Stat. (1987), the lawsuit was timely on those claims as well.
II.
For the reasons stated in note 2 above, we have concluded that this transaction is governed by section 673.122, Florida Statutes (1987), and not the later-enacted section 673.1181, Florida Statutes (Supp. 1992). If, however, section 673.1181 controls, we still reach the same result.
Section 673.1181 states that “Chapter 95 governs when an action to enforce an obligation, duty, or right arising under this chapter [673] must be commenced.”
Under section 95.031, Florida Statutes (1991), “A cause of action accrues when the last element constituting the cause of action occurs.”[3]
“The clear majority view is statutes of limitations do not begin to run with respect to the liability of a bank on a eertifi- *1091 cate of deposit until a demand for payment has been made.” Whitlock v. Bank of Maryville, 612 S.W.2d 481, 483 (Tenn.Ct. App.1980) (citations omitted); see, e.g., Yahn & McDonnell, Inc. v. Farmers Bank, 708 F.2d at 107 (“A long line of authority holds that for the purpose of determining when the limitations period begins to run, a certificate of deposit, in contrast to a simple promissory note, is not considered due until a demand for payment has been made.”) (citations omitted); Elliott v. Capital City State Bank, 128 Iowa 275, 103 N.W. 777, 778 (1905) (“The transaction is in reality for the benefit and convenience of the depositor, and while the relation of debtor and creditor exists, and the bank has the use of the money for commercial gain, it assumes no further obligation than to pay the amount received when it shall be demanded at its banking house.”) (citation omitted). The majority view is logical and persuasive, and we see no reason to depart from it.
III.
The summary judgment is reversed and the cause remanded for further proceedings.

. For present purposes we accept plaintiff’s version of the facts, as he is the non-moving party on the Bank's motion for summary judgment.

. Repealed by ch. 92-82, § 1, Laws of Fla., effective Jan. 1, 1993. Id. § 62. The legislature substituted § 673.1181, Fla. Stat. (Supp. 1992), which states, "Chapter 95 governs when an action to enforce an obligation, duty, or right arising under this chapter must be commenced.” There is no indication in chapter 92-82 that the change in the UCC limitation period was intended to apply retroactively, and we therefore conclude that former section 673.122 controls here. See Baskerville-Donovan Engineers, Inc. v. Pensacola Executive House Condominium Ass’n, Inc., 581 So.2d 1301, 1303 (Fla.1991); Melendez v. Dreis and Krump Mfg. Co., 515 So.2d 735, 736 (Fla. 1987); Homemakers, Inc. v. Gonzales, 400 So.2d 965, 967 (Fla.1981).

. Subsection 95.031(1) goes on in the next sentence to address the issue of "demand” in the context of a demand note, but we assume for present purposes that the demand note provision does not apply to a certificate of deposit.