## Frantz *et al.* *versus* Lenhart.

1. If men present at a quarrel encourage a battery, they assume the consequences of the act to its full extent as much as the party who does the beating.

2. It is not necessary that encouragement should consist of appeals to the one committing the act, or that he should know what those encouraging are doing; it is enough if they sanction what is done and manifest this by demonstrations of resistance to any who would interfere, or by words, gestures, or acts indicating an approval of what is going on.

November 18th 1867.    Before THOMPSON, STRONG, READ and AGNEW, JJ.    WOODWARD, C. J., absent.

Error to the Court of Common Pleas of *Fayette county* : No. 26, to October and November Term 1867.

This was an action of trespass for assault and battery, brought to December Term 1865, by Jacob Lenhart, against William' Frantz and others.

On the 25th of August 1865, an assault and battery was committed on the plaintiff, who was very badly injured. There was no evidence that the defendants actually touched the plaintiff, but there was evidence of their having incited and encouraged the commission of the violence on him.

The court (Gilmore, P. J.) charged :—

" It is abundantly proved that a violent assault and battery was committed on the person of the plaintiff, yet there is no evidence that any one of these defendants put a finger upon the person of the plaintiff; nor is it necessary for them to do so in order to render them liable. It may happen, and often does, that those who do not actually inflict the wounds and beating, are the most culpable. In an offence or wrong like this there is no such thing as accessories before the fact or after—all are either principals or innocent. But where one is present and does not actually commit the battery, it must be proved that he was aiding, assisting and promoting the battery ; and this aiding comprehends ' all persons

[Frantz *v.* Lenhart.]

counselling, abetting, plotting, assenting, consenting and encouraging the committing of the assault and battery.' All such are principals, as much so as if they had in person delivered the blows and kicks. Nor is it required, in order to make themselves principals, that the persons actually engaged in committing the injury should know that the other persons were consenting, aiding and encouraging the act. * * * You will see that the most of the evidence is of an affirmative and negative character ; strictly so, as. it is between seeing and not seeing, hearing and not hearing. You will readily perceive that the affirmative evidence is entitled to the greatest weight. Intrinsically it is so ; and besides this, it is the duty of the jury to reconcile the evidence of witnesses whenever it can be done. This can be done by giving the greatest weight to the affirmative evidence. For instance, the witness Frazee swears that when Lenhart was running down street to avoid his pursuers, William Frantz held out his arms to catch him and said, ' here he is, kill him.' Now, at this time it is in evidence that William Frantz was standing on Julia Gormer's pavement in company with his wife, some of his children, and with other persons. All these persons present with him who were examined say, he did not say anything or do anything which they each saw or heard ; this, nevertheless, is negative evidence, for he might have done so without them either hearing him say anything or do anything." * * * * * * *

The verdict was for $1100, which, upon a motion for a new trial, was reduced, the plaintiff assenting to $700. The defendant took a writ of error and in several specifications assigned the charge for error.

*G. W. K. Minor,* for plaintiffs in error, cited 2 Hilliard on Torts 310, 311, 315 ; Bard *v.* Yohn, 2 Casey 482 ; Guille *v.* Swan, 19 Johns. 382 ; Judgson *v.* Cook, 11 Barb. 642 ; Brook *v.* Ashbaun, 9 Geo. 302 ; Smithwick *v.* Ward, 7 Jones' L. R. N. C. 64 ; Reeves *v.* Del. L. & W. Railroad, 6 Casey 460.

*A. Howell* and *D. Kaine,* for defendant in error, cited 2 Hilliard on Torts 309–311, 314 ; Bard *v.* Yohn, 2 Casey 482 ; Ream *v.* Harnish, 9 Wright 378 ; Dennis *v.* Alexander, 3 Barr 51 ; Hamett *v.* Dundass, 4 Id. 181 ; Nagle *v.* Mullison, 10 Casey 53, 54 ; Porter *v.* Seiler, 11 Harris, 428 ; Reeves *v.* Del. L. & W. Railroad, 6 Casey 460 ; Gaskell *v.* Morris, 7 W. & S. 40.

The opinion of the court was delivered, November 22d 1867, by

THOMPSON, J.—Several defendants being sued or joined in an action for trespass and assault and battery upon the plaintiff, the judge charged that any of them might be held liable, although they did not put a finger on the plaintiff, provided they aided,

[Frantz *v.* Lenhart.]

encouraged or abetted the act. "Nor is it required," said he, "in order to make themselves principals, that the persons actually engaged in committing the injury should know that other persons were consenting or aiding and encouraging the act." For so charging the defendants below except, and it forms the 1st assignment of error.

It is difficult to comprehend how this should be considered an error in law. If men present at a quarrel, encourage a battery, by doing so they assume upon themselves the consequences of the acts done to the full extent, as much so as the party who does the beating. Often they are more culpable. It is not necessary that the encouragement should consist of appeals to the ruffian engaged in committing the battery, or that he should know what they are so doing. It is enough if they encourage and sanction what is being done, and manifest this by demonstrations, of resistance to any who might desire to interfere to prevent it; or by words, gestures or acts, indicating an approval of what is going on. It is contrary to law—contrary to duty—and the law will not weigh very nicely the acts of particular individuals, to ascertain whether what was said or done by them has enhanced the injury, more or less than the acts of others. All so engaged are answerable for all the injury, and had the judge charged the opposite of this, he would have committed a great error.

Nor did he commit an error in his remarks on positive and negative testimony. It was proper in the philosophic aspect of the matter, and proper as an instruction in the case. A dozen of witnesses may testify truly that they did not hear or see any given transaction, and this might not be inconsistent with its existence, for their attention may have been diverted from it at the moment, or they may not have been within hearing or seeing distance; but the witness who testifies positively to the existence of a given fact cannot be mistaken; his testimony must be true or absolutely false. It is reconcilable with those who testify negatively, and not necessarily antagonistic, for the reasons given. But the principle is so reasonable and well settled, that it would be a waste of time to enlarge upon it.

The 3d and last assignment is general. It is "that the charge as a whole was calculated to mislead the jury." In what particular it was calculated to mislead is not specified or hinted at. Such assignments we cannot notice. If we did, we should be imitating the inapplicable argument on the questions of fact in the case presented. These were for the jury, and were, we think, referred to them with instructions free from error, so far as the bills of exception show.

This being so, the judgment must be affirmed.