# Kissock *v.* Traction Company.

*Railroads—Negligence—Proximate cause.*

If by its negligence a defendant railroad company placed plaintiff in a situation where to avoid injury to its property and its passengers it was necessary to destroy or injure plaintiff's property, the doctrine of proximate cause cannot be invoked to relieve it from responsibility.

*Negligence—Burden of proof—Prima facie case.*

Negligence is not to be presumed nor ordinarily to be inferred except where the maxim res ipsa loquitur applies. It is incumbent on a plaintiff to show something more than the mere fact that the defendant's car collided with his team and wagon, but when he had shown that a car backed down on a track, where defendant's team was properly located, from a point where the danger, if not the absolute certainty, of collision might and ought to have been foreseen by those in charge of it, the plaintiff had shown circumstances from which negligence might and naturally would be inferred, and a prima facie case is made out which plaintiff was entitled to have submitted to the jury.

Argued April 23, 1900. Appeal, No. 45, April T., 1900, by defendant, in suit of William J. Kissock against Consolidated Traction Company, from judgment of C. P. No. 1, Allegheny Co., June Term, 1898, No. 737, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by RICE, P. J.

Trespass. Before STOWE, P. J.

### ESSENTIAL FACTS FOUND BY THE SUPERIOR COURT.

" The accident out of which this suit arose occurred near the corner of Fifth avenue and Smithfield street in the city of Pittsburg. The plaintiff's team in charge of a driver stood on Fifth avenue below Smithfield street and about ten feet behind one of the defendant's cars. They were headed east and were waiting for the cars going in the same direction to move. About two feet to the rear of the plaintiff's wagon stood another of the defendant's cars and to the left on the other track was another. To the right the street was crowded with people. The driver being thus hemmed in and unable to avoid the collision by backing or moving to the right or to the left, the car

immediately in front, suddenly and without warning, was propelled backwards into the team, thereby inflicting injuries from which they subsequently died."

Defendant submitted certain points, which points and answers are as follows:

[1. There is no evidence that the injuries complained of were caused by any negligence on the part of the defendant and the verdict must be for the defendant. *Answer:* Refused.] [1]

[2. Under all the evidence plaintiff cannot recover and the verdict must be for the defendant. *Answer:* Refused.] [2]

Verdict and judgment for plaintiff for $473. Defendant appealed.

*Errors assigned* were (1, 2) refusal of defendant's points, reciting same.

*W. D. Evans*, with him *Geo. C. Wilson*, for appellant.—There was no proof of any negligence. There must be proof, affirmatively, of negligence, which caused the injury: McCully v. Clarke, 40 Pa. 399, Railroad Co. v. Heil, 5 W. N. C. 93; R. R. Co. v. Ritchie, 102 Pa. St. 425; Goshorn v. Smith, 92 Pa. 435.

To prove merely the fact of a collision between the car and wagon, without proof of the negligence which caused the collision is, of course, fatal to a recovery for the damage done.

The learned judge who tried the case seemed, in effect, to regard it as one of that class of cases in which a presumption of negligence arises from the mere happening of the accident. But, of course, this case does not come within the well-settled rule laid down in Herstine v. R. R. Co., 151 Pa. 244, and yet in the whole of plaintiff's testimony there is not one word tending to show negligence on the part of those in charge of defendant's cars.

There was no negligence, and so, with the facts undisputed as they were in this case, it is respectfully submitted that the very language used by the court below in his charge to the jury, should have been used in affirming both points submitted by defendant.

*Robert T. Reineman*, for appellee.—The defendants say that there was nothing for the jury to pass upon. We submit that it was for the jury to pass upon the following questions:

1. Was the trolley of the front car on the wire? If so, the motorman was negligent in letting his car run backwards.

2. If the trolley was off, did it come off through the conductor's negligence?

3. Was the conductor negligent in not stopping the car, by dropping sand, instead of trying to put on the trolley, while the car was moving?

4. Did the motorman of the second car, in order to save himself, run his car backward, when he ought to have known that teams were there?

5. If he was simply pushed back, was he negligent in not using ordinary precautions to come to a stop at once?

The jury have passed on all these questions and have, we believe, come to a proper conclusion.

The defendant has escaped any damage to itself or to its passengers and, by doing so, has caused the loss of the plaintiff's valuable team of horses.

OPINION BY RICE, P. J., October. 8, 1900 (after finding the facts as set out in the statement of facts):

It is apparent from the testimony and was frankly admitted by the defendant's counsel on the argument, that in the damage suffered by the plaintiff no fault was attributable to his driver either in being in the place he was or in omitting to do what was possible to escape the collision. Their contention is, that there was no evidence that the injuries were caused by any negligence on the part of the defendant; in other words, that on the plaintiff's own showing this was an unavoidable accident for which no one was responsible. In the discussion of this question they summarize the testimony of the plaintiff's witnesses as follows: Two cars, east-bound, stood at the lower side of Smithfield street, and just behind the second car was plaintiff's team and wagon. After the circus had passed, the first car started up Fifth avenue, and when it had gotten across Smithfield street—about sixty or seventy-five feet from the second car—suddenly it stopped and started to run backwards down the grade. The motorman of the second car, seeing the danger of a collision with his car, or attracted by the shouts of danger from the people on the street, started to move his car back, when it was struck by the first car and driven into the plaintiff's team. It .

is argued with much force that the motorman of the second car was guilty of no negligence because his first duty was to protect his passengers. Even if this be granted, it by no means follows that the collision was an unavoidable accident. If by its negligence the defendant placed him in a situation where to avoid injury to its property and its passengers it was necessary for him to destroy or injure the plaintiff's property, the doctrine of proximate cause cannot be invoked to relieve it from responsibility. To state the proposition in another form, collision with the plaintiff's team and wagon was the natural and probable consequence of backing the first car down the descending grade into the second car, such a consequence as might and ought to have been foreseen. But it is urged that the sudden backing of the first car down the descending grade was not the voluntary act of the defendant but was a pure accident caused by the slipping of the trolley from the wire. It is true the defendant gave evidence to that effect, but on the other hand one of the plaintiff's witnesses testified that the trolley was on the wire as the car came down. Whether or not the car came down the grade because the motorman, without fault on his part or that of the company, lost control of it was under all the testimony a question of fact for the jury. But it was not an admitted fact, nor was it to be presumed from the facts testified to by the plaintiff's witnesses. Leaving that fact out of consideration, as we must in the present discussion, the question arises whether the plaintiff made out a prima facie case by proof of the facts heretofore summarized. Negligence is not to be presumed nor ordinarily to be inferred except where the maxim res ipsa loquitur applies. It was incumbent on the plaintiff to show something more than the mere fact that the defendant's car collided with his team and wagon, but when he had shown that the first car was backed from a point where the danger, if not the absolute certainty, of collision with his team might and ought to have been foreseen by those in charge of it, he had shown circumstances from which negligence might and naturally would be inferred. We are not convinced that he was bound to go further and disprove by affirmative evidence that those having the management of the car had lost control of it by unavoidable accident. In this view it is unnecessary to discuss the case from the standpoint of the defend-

ant's evidence. It is sufficient to show that the plaintiff made out a prima facia case which he was entitled to have submitted to the jury.

Judgment affirmed.