# Buck *v.* McKeesport, Appellant.

*Negligence—Evidence—Discrepancies in testimony of plaintiff—Case for jury.*

1. A judgment on a verdict for plaintiff in an accident case will not be reversed because of discrepancies in the testimony of the plaintiff, and of two of her witnesses, where it appears that even in such discrepant statements there was sufficient, if believed by the jury, to justify the finding that the cause of the injury was the defendant's negligence.

*Evidence—Cross-examination—Answer to immaterial question—Contradiction of witness.*

2. Where a witness on cross-examination has been asked an immaterial and irrelevant question, another witness cannot be called in rebuttal to contradict the reply given to such question.

Argued Nov. 3, 1909.  Appeals, Nos. 206 and 207, Oct. T., 1909, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1902, No. 155, on verdict for plaintiffs in case of

Jennie B. Buck, Administratrix of Richard J. Buck, deceased, and Jennie B. Buck v. City of McKeesport.  Before Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ.  Reversed.

Trespass to recover damages for personal injuries.  Before Macfarlane, J.

The facts appear by the opinion of the Supreme Court and by the former report of the case in 223 Pa. 211.

F. G. Holden, a witness for plaintiffs, was called in rebuttal and asked the following questions: "Q. Did you go to subpœna Mr. Marshall Mains to appear in court at the last trial of this case?  A. I did.  Q. Did his wife at that time, and in his presence, say, 'You didn't tell the right story the last time, you have got to tell it this time?'"

Defendant's counsel object because it was a matter that the plaintiff brought out herself on cross-examination, and as to which the witness was not interrogated in chief, or anything that would justify such a cross-examination.  It having been admitted, the proposed testimony is further objected to as being entirely immaterial, and in no way showing any bias on the part of the witness.

The Court: The objection is overruled and exception noted to defendant.

Mr. Marshall: If the court will permit me to withdraw the witness I will withdraw him and not go into it.

The Court: You can do as you please about it; but it is the same now as if you asked him.

(Last question repeated.)

"A. She did."

Verdict and judgment for plaintiff as administratrix of R. J. Buck for $2,436, and for herself for $9,574.  Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant; (2) refusal of judgment for defendant non obstante veredicto; and (3) ruling on evidence as above, quoting the bill of exceptions.

W. B. Rodgers, with him W. E. Newlin, for appellant.

Rody P. Marshall, with him Thos. M. Marshall and Geo. O. Calder, for appellees.

OPINION BY MR. JUSTICE BROWN, January 3, 1910:

When this case was here before (Buck v. McKeesport, 223 Pa. 211), we said of it that it appeared to be close on the facts. This we now repeat, but cannot say that, under the evidence, the negligence of the defendant and the contributory negligence of the plaintiff were not for the jury. It is earnestly and plausibly urged by the learned counsel for appellant that, in view of the discrepancies in the testimony of the plaintiff and in that of the two witnesses called by her to support her allegation of negligence, there ought not to have been a recovery, and with almost persuasive force we are asked to sustain the first and second assignments of error. Our finding as jurors might have been different, but for this reason alone we cannot disturb the verdict, for it is only when, under all the evidence, but one finding is to be drawn from it, that a different one cannot be permitted to stand. This is not the case here presented, for even in the inconsistent and discrepant statements of the plaintiff and her two material witnesses there was sufficient, if believed by the jury, to justify the finding that the cause of the injury was the stone pile negligently left in the street by the city, and the first and second assignments are therefore overruled.

Mrs. Marshall Mains was a material and most important witness for the defendant as to the cause of the accident. She saw it, and, according to her testimony, the buggy "tipped over" before it reached the stone pile. There had been two previous trials of this case, and, on the cross-examination of Mrs. Mains on this third and last trial, counsel for appellee were permitted, under objection, to ask her whether, at the time her husband was subpœnaed to appear as a witness at the second trial, she had not said to him, in the presence of the officer serving the subpœna, "You did not tell the right story at the last trial, and you have to tell the right story this

time." To this she replied that she had not. The question was asked her for the manifest purpose of showing bias on her part as a witness. A moment before she had been asked whether she had not taken quite an interest in the case, to which she answered that she had not and was in court because she had been subpœnaed as a witness. Not content with this, counsel for the plaintiff pursued her with the question that ought not to have been allowed. If she had admitted that she had said to her husband what the question attributed to her, it would not have been evidence of bias on her part as a witness. It would only have shown that she had reminded him that his account of the accident at the first trial had not been correct and that he would have to tell it correctly at the second. As an unbiased and disinterested witness she could have said this to him, and, being his wife, it was natural that she should have done so if she felt that he had been inaccurate at the first trial. For the purpose of discrediting her whole testimony counsel for the plaintiff were allowed, in rebuttal, under objection and exception, to call F. G. Holden, who had served the subpœna at the second trial, to contradict her reply to the immaterial and irrelevant question that had been asked her on cross-examination. This was not permissible: 1 Greenleaf on Evidence, sec. 449; and as the effect of Holden's testimony in rebuttal may or must have been that for which it was intended, it was error to admit it, for which the judgment must be reversed. In this class of cases, in which juries are only too prone to find verdicts for plaintiffs in unwarranted amounts, even in meritorious cases, the risk of departure from the strict rules of evidence into which the trial court may be led by counsel is always a reversal of the judgment. The third assignment of error is sustained and the judgment reversed with a venire facias de novo.