## Adams *v.* Lehigh Valley Transit Company, Appellant.

*Negligence—Street railways—Automobile—Contributory negligence.*

In an action against a street railway company to recover damages for injuries to an automobile, the case is for the jury and a verdict and judgment for plaintiff will be sustained, where there is evidence of negligence on the part of the defendant, and where the plaintiff's evidence shows no contributory negligence on his part, although his testimony is in conflict with that of some of his own witnesses, and with that of witnesses for the defendant.

Argued Dec. 6, 1910. Appeal, No. 30, Oct. T., 1910, by defendant, from judgment of C. P. Lehigh Co., Oct. Term, 1908, No. 26, on verdict for plaintiff in case of Homer Adams v. Lehigh Valley Transit Company. Before RICE, P. J., HENDERSON MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for injuries to an automobile. Before HEYDT, P. J., specially presiding.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $462.07. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Arthur G. Dewalt,* for appellant.—It is well established by numerous cases, that it is the duty of the driver of a vehicle to look at the edge of the track just before he goes upon it, and this is an imperative duty upon him, which is absolute and continuing and a failure to perform it is negligence per se: Sontum v. Mahoning & Shenango Railway Co., 226 Pa. 230; Ehrisman v. Ry. Co., 150 Pa. 180; Trout v. Ry. Co., 13 Pa. Superior Ct. 17; Brown v. Trac-

tion Co., 14 Pa. Superior Ct. 594; Burke v. Union Traction Co., 198 Pa. 497.

*Marcus C. L. Kline,* with him *Edwin K. Kline,* for appellee.—The case was for the jury: Woelfel v. Ry. Co., 183 Pa. 213; Thompson v. Traction Co., 180 Pa. 114; Hochheiser v. Rys. Co., 226 Pa. 316; Davidson v. Traction Co., 4 Pa. Superior Ct. 86; Gilmore v. Ry. Co., 153 Pa. 31; Rauch v. Smedley, 208 Pa. 175; Mackey v. Traction Co., 227 Pa. 482; Barto v. Traction Co., 216 Pa. 328.

OPINION BY ORLADY, J., March 3, 1911:

The plaintiff while driving his automobile, in which he had his wife and child with two guests, was run down by a car of the defendant company.

The accident occurred in clear daylight, when the plaintiff and motorman had an unobstructed view of the track for a reasonable distance. The defendant had a double track system located on the northern side of the highway, so as to leave a width of about fifteen feet on the southern side for vehicles. A few minutes prior to the accident the plaintiff was running his automobile parallel with the trolley car, and as it made a stop to take on passengers, he passed the trolley car, and when he was ahead of it about 1,700 feet, his use of the roadway was interfered with by a horse and buggy, and obliged him to turn his machine so as to occupy the near trolley track, in order to get around the buggy. After running on the car track for a distance, which is variously estimated by the witnesses from seventy-five to 125 feet, and when he was opposite to the buggy, the trolley car struck the automobile, forcing it along the track a distance of about seventy-five feet, and then threw it off the track to the side of the road, while the trolley car proceeded about 175 feet, up an incline grade, before it was stopped.

The plaintiff knew the car was following him as he had passed it but a short distance, but did not know the length of time it would remain standing where he left it out of

his then view.  He testified, that just before entering
upon the track, when he had a clear view along it for at
least 100 feet he looked and not seeing any car in sight, or
hearing any signal, passed onto the rail, while going at a
rate of close to fifteen miles per hour; that it was neces-
sary for him to go on the car track to get around the
vehicle in front of him, as its driver turned his buggy so
as to give him the trolley side of the road.  At the time of
the collision the trolley car was running at a rate of about
twenty-five miles per hour.  These measurements and
speed rates were approximated, but the examination of
the witnesses made them as certain as such unreliable es-
timates are capable of being made definite.  It must be
conceded that the trolley car was running at a much higher
speed than the automobile, else it would not have over-
taken it, but it was upon its own track, and had the right
to use it at such a rate of speed, as would under the cir-
cumstances be called a reasonably safe one.  The plaintiff
knew that a car would pass the place every few minutes
according to their schedule, so that both drivers were
obliged, under the law, to be attentive to their duties and
respect the rights of others by regulating their speed to
the exigencies of the case.  The motorman knew the car
track was likely to be occupied by another vehicle, as the
planes of the car track and public road were the same.
He was obliged to have his car under control so as to bring
it to a full stop at a safe distance, if he was suddenly placed
in a position of peril either to his car or to a person on the
track.

The testimony was extremely conflicting, and even the
witnesses called by the plaintiff did not confirm his state-
ments or estimates as to distances, location or speed, but,
under authority of Kohler v. Penna. R. R. Co., 135 Pa.
346, which was a case where there was a serious conflict in
the testimony of the plaintiff and one of his material wit-
nesses, the court held "Irrespective of the apparent doubt
upon Buckwalter's testimony, the plaintiff himself made
a case for the jury clear of contributory negligence.  The

effect of that case was not completely overthrown by the variance in the testimony of another witness, even though such testimony had been direct and positive. If the plaintiff's own testimony had shown that he was negligent, he could not complain if the court took his case as he made it, although another witness had done better for him than he had for himself; but, where his own testimony made out a clear case, the contradictory testimony of another witness would not destroy it as a matter of law, even though such witness had been called by himself. Possibly the jury might believe plaintiff's account rather than of his witness, and he was entitled to have them do so if they would:" Buck v. McKeesport, 227 Pa. 10. There was too much of apparent and actual contradiction in the whole testimony to have warranted the trial judge in saying that the motorman was not guilty of negligence in driving the car as he did, so as to produce the results that were not seriously in dispute. Whether the speed was due to recklessness on his part, or on account of inefficient equipment of the car in its brake appliances is not material. The impact given to the automobile and the distance the car ran before it was brought under control were sufficient in themselves to indicate that the speed, in view of the circumstances, was excessive. Nor could the court, under the positive and direct testimony of the plaintiff, say that he was guilty of contributory negligence, in occupying the car track at the grade and speed testified to when no car was in sight and he had no signal of its approach. The degree of care to be exercised by each, under such circumstances, must necessarily vary, and as there is no unbending rule of law, that ever has or ever can be laid down to determine them, the solution of the controlling questions of fact, and the inferences to be drawn from them are to be referred to a jury, under proper instructions, as well as the credibility of the witnesses who are called to establish the controverted facts: Davidson v. Traction Co., 4 Pa. Superior Ct. 86, 89, and the cases referred to therein; Rauch v. Smedley, 208 Pa. 175; Mackey v. Trac-

tion Co., 227 Pa. 482; Barto v. Traction Co., 216 Pa. 328; Sontun v. Railway Co., 226 Pa. 230.

The rule laid down in Trout v. Railway Co., 13 Pa. Superior Ct. 17; Brown v. Traction Co., 14 Pa. Superior Ct. 594; Burke v. Traction Co., 198 Pa. 497; Callahan v. Traction Co., 184 Pa. 425, and many similar cases has not been, nor should it be, relaxed in any degree, but to apply it, the testimony should be of such quality and character as to enable the court to arrive at a legal conclusion without hesitancy or doubt.

The facts in this case make it a close one but it is so on its facts, and not in regard to the law applicable to them.

The case was tried with extreme candor on each side, and was submitted to the jury in a charge so fair and adequate, that defendant's counsel does not complain of it, save in refusing to give binding instructions to find for the defendant on legal propositions.

The judgment is affirmed.

MORRISON, J., dissenting:

Our brother who writes the majority opinion says, "that the facts in this case make it a close one."

In my opinion the undisputed facts convict the plaintiff of contributory negligence. He had been driving his automobile along the highway in close proximity to one of defendant's cars which was going in the same direction as the plaintiff. In fact the testimony shows that the trolley car and the automobile ran side and side for a considerable distance when the former stopped to take on passengers. The plaintiff sought to establish by his testimony that the trolley car was running much faster than his automobile. But he admits that they both ran at the same speed for a considerable time and when the trolley car stopped to take on passengers the plaintiff drove his automobile upon the trolley track when he admits that he could not see over 100 feet back along the track. The plaintiff admits that he was running his automobile from fifteen to twenty miles an hour and it is

highly improbable that the trolley car was running at a much greater speed within a few moments after it stopped to take on passengers. It does not appear from the testimony that the plaintiff was under any necessity whatever to leave the dirt road and go upon the trolley track a few rods ahead of the car which he was bound to know would follow him as soon as the passengers were taken on. The reason the plaintiff gives for going upon the track is that he met a team. But it is perfectly apparent that he could have checked his speed and passed this team without going upon the track. In my opinion, in the circumstances disclosed by the testimony, the plaintiff was clearly guilty of contributory negligence in leaving the road provided for automobiles and other vehicles and going in front of the trolley when he knew it was very close in his rear. In such case he cannot recover: McCracken v. Traction Co., 201 Pa. 378. In that case it is said in the syllabus: "A person who is struck by a car of a street railway company in crossing its tracks cannot relieve himself of the charge of contributory negligence by proving the unlawful speed of the car, where the car was within his view just before he reached the track, if he looked."

In the present case it is perfectly clear from the plaintiff's own testimony that he knew about where the car was when he drove upon the trolley track. It seems to me that what happened was the thing that any sane person might reasonably have anticipated in case the motorman lost control of his car or it ran faster than the plaintiff's automobile. I think this case, upon its facts, is controlled by Speakman v. Phila. & West Chester Traction Co., 42 Pa. Superior Ct. 558, and cases therein cited.

I would reverse the judgment without a venire.