## PERRINE v. HANACIK.

No. 3580.    Opinion Filed December 9, 1913.

Rehearing Denied February 3, 1914.

(138 Pac. 148.)

**APPEAL AND ERROR—Assault and Battery—Action for Damages—Aiding and Abetting—Review on Appeal.** If one present . at a quarrel encourages a battery, he assumes the consequences of the act to its full extent as much as the party who does the beating; and, where the evidence reasonably tends to connect defendant therewith as an aider and abettor, this court will not disturb a verdict against him.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;
Edward D. Oldfield, Judge.*

Action by Jarasalov Hanacik against James K. Perrine. Judgment for plaintiff, and defendant brings error. Affirmed.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*Pruiett & Sniggs* and *Selwyn Douglas,* for defendant in error.

TURNER, J.   This is an action in damages for an assault and battery brought by Hanacik, defendant in error, against Jas. K. Perrine, plaintiff in error, in the superior court of Oklahoma county.   The last amended petition substantially states that on August 23, 1909, defendant and his son, Walter, were owning and operating a livery stable in Oklahoma City; that on said date one Halas hired a buggy from defendant, and, when the same was returned, the .son committed an assault and battery upon plaintiff, a companion of Halas, with a club; and that defendant was then and there present aiding and abetting, to his damage, etc.   After answer filed, in effect a general denial, there was trial to a jury and judgment for plaintiff for $2,939, and defendant brings the case here.

It is contended that there is no evidence reasonably tending to prove that defendant aided and abetted by telling his son to strike plaintiff, and hence the court erred in overruling the demurrer to the evidence. The evidence discloses that defendant and his son, Walter, were, on that day, keeping a livery stable in Oklahoma City; that on said date the plaintiff and one Halas, who had been fellow students at the university of Prague, and who were Bohemians, with a very imperfect knowledge of the English language, went to the stable where Halas hired a horse and buggy from defendant, paying $2 in full therefor, and drove to the country. On their return to the stable they drove in, and Halas, who was a surveyor, got out and took his·tripod, photograph machine, and field glasses from the buggy. As he did so, Walter Perrine stepped up and said, "Give me a dollar more." Halas asked him why, whereupon young Perrine got mad and grabbed his tripod and called for defendant, who came out and laid· hold of the machine, which Halas had in his hand, whereupon the latter called, in Bohemian, to plaintiff, who was on the sidewalk in front of the stable, to come and explain to him what they wanted; that, as he joined them, defendant, who had taken the machine away from Halas, said to his son, "God damn, God damn, get him," whereupon his son, who had a club in his hand, struck plaintiff a savage blow with it over the head, cutting it frightfully, causing him to bleed profusely, and the permanent loss of an eye. While there is no evidence that defendant struck the plaintiff with a club, the foregoing was abundant evidence tending to prove that he incited and encouraged his son to the commission of the·violence complained of. That being true, whether he aided or abetted the assault was a question of fact properly sent to the jury. 28 A. & E. Enc. of Law, 566, says:

"One who aids, abets or incites, or encourages or directs by conduct or words, in the perpetration of a trespass, is liable equally with the actual perpetrator."

In *Frantz v. Lenhart,* 56 Pa. 365, several defendants were joined in an action of trespass for an assault and battery upon the plaintiff. The trial judge charged that any of them might be liable, although they did not put a finger on the plaintiff, pro-

vided they aided, encouraged, or abetted the act. The court in reviewing the charge said:

"If men present at a quarrel encourage a battery, by doing so they assume upon themselves the consequences of the acts done to the full extent, as much as the party who does the beating. Often they are more culpable. It is not necessary that the encouragement shall consist of appeals to the ruffian engaged in committing the battery, or that he shall know that they are so doing. It is enough if they encourage and sanction what is being done, and manifest this by demonstrations of resistance to any who might desire to interfere to prevent it; or by words, gestures, or acts, indicating an approval of what is going on. It is contrary to law—contrary to duty—and the law will not weigh very nicely the acts of particular individuals, to ascertain whether what was said or done by them has enhanced the injury, more or less, than the acts of others. All so engaged are answerable for all the injury, and, had the judge charged the opposite of this, he would have committed a great error."

In that case it seems the only evidence of defendants' participation was that, while standing on the pavement in front of a certain house with his wife and children, he stretched out his arms to catch plaintiff and said, "Here he is, kill him," as he came running down the street, and the verdict of the jury for $1,000 was sustained after a *remittitur* down to $700.

In *Donovan v. Consolidatel Coal Co.,* 88 Ill. App. 589, in the syllabus it is said:

"One who in any manner indicates his desire that an act be done, may be said to request it, and one who does anything in furtherance of an act, may be said to aid or abet it. * * *"

In *Clark v. Bales,* 15 Ark. 452, in the syllabus it is said:

"The defendant will be made liable for trespass, if it is proved that he came in aid of the person who committed it, * * * and where there are circumstances in proof, connecting a defendant with the trespass, and the jury finds a verdict against him, and the judge, who heard the testimony, refused to grant a new trial, this court will not disturb the verdict."

See, also, *McMannus, Jr., v. Prior Lee et al.,* 43 Mo. 206, 97 Am. Dec. 386; *Welsh v. Cooper,* 8 Pa. 217; *Shepard v. McQuilkin,* 2 W. Va. 90; *Sharpe v. Williams,* 41 Kan. 56, 20 Pac. 497.

There is no merit in the remaining assignments of error. Affirmed.

All the Justices concur.