# Hoffman *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Railways—Street railways—Collision between car and wagon—Contributory negligence—Case for jury.*

In an action against a street railway company to recover damages for personal injuries sustained in a collision between a car and carriage, it appeared that at the time of the accident plaintiff was driving a carriage on the side of the street on which the defendant maintained a double-track street railway. Plaintiff turned out of the side of the street on account of a wagon and drove on the track. Hearing a car coming, and seeing a mortar box a short distance ahead, and thinking she could not pass the mortar box before the car reached her, she pulled the horse's head into the corner formed by the curb and the mortar box, "as far as she could get." She then turned and looked towards the motorman who nodded his head and came on with the car which struck the carriage and caused the injury. There was evidence, although contradicted, that the horse backed the carriage into the side of the car. *Held,* that the question of both the motorman's negligence and plaintiff's contributory negligence was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Nov. 19, 1914. Appeals, Nos. 141 and 142, Oct. T., 1914, by defendant, from judgment of C. P. Del. Co., Sept. T., 1910, No. 263, on verdict for plaintiff in case of William S. Hoffman and Minnie L. Hoffman, his wife, v. Philadelphia Rapid Transit Company. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for William S. Hoffman for $425, and for Minnie L. Hoffman $300. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*William I. Schaffer,* for appellant, cited: Lonzer v. Lehigh Val. R. R. Co., 196 Pa. 610; Schley v. Susquehanna & N. Y. R. R. Co., 227 Pa. 494; Hamilton v. Central R. R. of New Jersey, 227 Pa. 137; Ault v. Cowan, 20 Pa. Superior Ct. 616; Conway v. Philadelphia Hardware, etc., Iron Works, 232 Pa. 358; Patton v. Philadelphia Traction Co., 132 Pa. 76.

*William C. Alexander,* for appellee, cited: Woelfel v. Federal St., etc., Ry. Co., 183 Pa. 213; Thompson v. People's Traction Co., 180 Pa. 114; Gress v. Braddock, etc., Street Ry. Co., 14 Pa. Superior Ct. 87; Sieb v. Central Pa. Traction Co., 47 Pa. Superior Ct. 228; Gilmore v. Federal St., etc., Pass. Ry. Co., 153 Pa. 31; McMahon v. White, 30 Pa. Superior Ct. 169; McCully v. Clarke, 40 Pa. 399.

OPINION BY TREXLER, J., May 14, 1915:

The facts as narrated by Minnie L. Hoffman, one of the plaintiffs, are: She was driving a pony hitched to a runabout on the right side of Main street, Darby, going toward Philadelphia. The defendant company maintains a double-track system on said street. The plaintiff having turned out for a wagon was driving on the track. Hearing a car coming and seeing a mortar box a short distance ahead and thinking she could not pass the mortar box before the car reached her, she pulled the pony's head into the corner formed by the curb and the mortar box "as far as she could get." She then turned and looked toward the motorman who nodded his head and came on with the car which struck the wagon and caused the injury. The theory of the defense was that the motorman had plenty of room to pass, and that the injury was occasioned by the pony backing the runabout into the side of the car. The plaintiff denied this. Assuming that the jury believed the plaintiff notwithstanding a number of witnesses contradicted her, it was for them to determine whether the plaintiff did as the

reasonably prudent person would have done under the circumstances and whether under the same circumstances the motorman was right in coming on with his car, or whether having seen the predicament the woman was in he should not have stopped his car until she could have sought a place of safety on the other side of the street. The negligence of the defendant and the contributory negligence of the plaintiff were for the jury: Buck v. McKeesport, 227 Pa. 10.

The facts in the case differ materially from those in the cases where the plaintiffs are adjudged guilty of contributory negligence by the court in putting teams so near the tracks that passing cars may strike them. There the judgment of the driver is formed with at least some deliberation and he cannot charge the motorman with negligence in misjudging his ability to pass the vehicle when he is merely making the same miscalculation as the driver made: Thos. Patton v. Philadelphia Traction Co., 132 Pa. 76; Hause v. Lehigh Valley Transit Co., 38 Pa. Superior Ct. 614.

In the present case the plaintiff seeing the car coming and the mortar box barring her progress in front of her was placed in a position which apparently required quick action, and whether she did act with care and prudence considering her position was for the jury: Kaechele v. United Traction Co., 15 Pa. Superior Ct. 73; Gilmore v. Federal St., etc., Railway Co., 153 Pa. 31; Thatcher v. Traction Co., 166 Pa. 66; Kissock v. Consolidated Traction Co., 15 Pa. Superior Ct. 103; Sieb v. Central Pennsylvania Traction Co., 47 Pa. Superior Ct. 228; Adams v. Lehigh Valley Transit Co., 45 Pa. Superior Ct. 623; Rose v. Southern, etc., Ry. Co., 58 Pa. Superior Ct. 142; Dyer v. Philadelphia Rapid Transit Co., 58 Pa. Superior Ct. 634.

Judgment affirmed.