## Rose v. Negro, Appellant.

*Assault and battery—Civil action for—Evidence—Damages.*

In an action against a father and son to recover damages for an assault and battery in which the plaintiff's leg was broken, where the son's name is withdrawn as a defendant before trial, and the plaintiff gives evidence which indicates that his leg was broken by the son, although disinterested witnesses on both sides gave testimony which indicated that it was broken by the father, and no one testified that it was broken by the son, the trial judge cannot be convicted of error in instructing the jury that if they found the leg was broken by the father, they could assess damages against the latter for the injury. In such a case the testimony of the plaintiff is not conclusive against himself.

It seems that the trial judge would have been warranted under the evidence in the case, in instructing the jury that if they believed the testimony of the plaintiff, this was a joint assault by father and son, and each of them would be responsible for all the consequences that resulted.

Argued Oct. 17, 1916. Appeal, No. 385, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., Aug. T., 1915, No. 309, on verdict for plaintiff in case of Mike Rose v. Jermone Negro. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for assault and battery. Before GORMAN, J.

At the trial there was evidence that Jermone Negro and his son, Mike Negro, committed a joint assault upon

the plaintiff as the result of which plaintiff's leg was broken. Mike Negro was originally a party defendant, but his name was withdrawn before the trial.

The court charged in part as follows:

[Now, it is not denied that the assault with the cane upon the head and the leg was committed, if it was done justifiably, or even if it was justifiable by the father, Jermone. As to the assault and battery which resulted in the breaking of the leg, there seems to be a considerable divergence of opinion in this case, on the part of the several witnesses who have been placed upon the stand. The plaintiff himself does not say just who it was that broke his leg. You may remember his testimony was that the father, Jermone, commenced beating him over the head and legs with the cane, and he fell down, and the son came along and kicked him, and he said, "You broke my leg." That is the plaintiff's testimony. Whether he meant by that that his leg was broken by the assault of the father with the cane or the stick, or whether it was done by the son, Mike, in kicking him, is for you to determine from all the evidence in this case, and in determining that, you must, of course, determine what reasonable and intelligent meaning could have been taken from his expression, "You have broken my leg"; whether he meant by that that both assaults had resulted in the breaking of his leg, or whether he meant by it that the father in his beating with the cane had broken his leg.] (4) Of course, unless you find that the defendant was justified in committing this assault and battery, and used no more force than was necessary to defend himself from any alleged assault by the plaintiff upon him, it would be an illegal assault and battery and the plaintiff would be entitled to recover from the father.

[But you will see the importance of determining just how he broke his leg, because, if the father did not break the leg, it doesn't concern us who broke it. That will be a matter for future adjustment, and negotiations. If you believe from the testimony that the leg was broken

by somebody other than the father, of course, you will take that into consideration in determining just how the greatest amount of injury that happened to this plaintiff, occurred, and who was responsible for it. If it was done by the son, or if it was done by anybody else, the father would not be responsible.] (5) Hence, I call your attention to the importance of considering the assault and battery from the two different points of view, because, admittedly, the assault and battery resulted in pain and suffering to the plaintiff,—[I mean the assault and battery upon the head and leg by the father resulted in the pain and suffering caused by the cane which was used by the father in this assault and battery, but the greatest amount of injury, and that which resulted in the greatest amount of financial loss, was the injury done by the breaking of the leg, and until you find from all the evidence and the preponderance of evidence, that the father was the one, who, in striking with the cane had broken the leg, of course, he cannot be chargeable in this case for the result or any damages either financial or for pain and suffering caused by the breaking of that leg. Now, if you decide that, of course, your verdict will be framed, and the measure of damages, if you find for the plaintiff at all, will be fixed and adjusted. If you should find that the leg was broken in the assault by the father with the cane when, as the plaintiff says, he struck him over the head and legs and he fell down, and by reason of that particular part of the assault with the cane by the defendant father, the leg was broken, and you should further find that the defendant either had no justification,—that is, that he did not commit that assault because he was defending himself from the assault of the plaintiff, or if you even find that he was defending himself from assault by the plaintiff, that he used more force than was necessary to protect himself from the assault of the plaintiff,—if you should find those facts, and the leg was broken in pursuance of that assault by the father, the plaintiff would be entitled to recover, un-

less you believe that he was defending himself against the assault by the plaintiff, and was justified, and you should further find that the defendant father used no more force than was necessary to defend himself from the plaintiff's attack.]    (6)

Verdict and judgment for plaintiff for $500.  Defendant appealed.

*Errors assigned,* among others, were (4-6) portions of charges as above quoting them.

*Edward A. Kelly,* for appellant.—The sole question for the decision, therefore, is whether the court erred in saying to the jury that they could assess damages against Jermone Negro for the broken leg.  It is not a question of whether there was sufficient evidence upon which to submit the question, but rather that the submission of that question of damages for the broken leg was absolutely contrary to the evidence of the plaintiff.  It was permitting the jury to assess damages against this defendant for injuries inflicted by another person: Lombard, Etc., Railroad Company v. Christian, 124 Pa. 114; Philadelphia, Etc., R. R. Co. v. Alvord, 128 Pa. 42; Galbraith v. Philadelphia Co., 2 Pa. Superior Ct. 359; Paul v. Kunz, 195 Pa. 207; Steinbrunner v. Pittsburgh, Etc., R. R. Co., 146 Pa. 504; McGonigal v. Pittsburgh Rys. Co., 243 Pa. 47; Fortney v. Breon, 245 Pa. 47; Mastel v. Walker, 246 Pa. 65; Adams v. Lehigh Valley Transit Co., 45 Pa. Superior Ct. 623.

*Abraham Wenrick,* for appellee.—Where there is evidence justifying an inference of a disputed fact it must be submitted to the jury: Reno v. Moss, 120 Pa. 49; Patterson v. Dushane, 115 Pa. 334; Sidney School Furniture Co. v. School Dist, 122 Pa. 494; Drake v. Kiely, 93 Pa. 492.

But let us admit for the sake of argument that the plaintiff is bound by his statement that the defendant's

son broke his leg, yet the testimony shows that the defendant was present at that time and participated in said assault by striking plaintiff over the same leg with his cane, throwing the plaintiff to the ground; and it was certainly for the jury to say whether the kicking by the son was not done for the benefit of the father and whether the father didn't agree or acquiesce in it: Frantz v. Lenhart, 56 Pa. 365; McCloskey v. Powell, 138 Pa. 383.

OPINION BY PORTER, J., March 16, 1917:

This is an action of trespass to recover damages for an alleged assault and battery. The action as originally brought charged a joint tort against Jermone Negro and Mike Negro, his son, but the record was amended by striking out the name of Mike Negro as a defendant, and the trial proceeded against the present appellant alone. The plaintiff recovered a verdict and judgment in the court below and the defendant appeals.

One of the bones of plaintiff's right leg was broken during the assault and the court below submitted to the jury the question whether that particular injury had been caused by this appellant, or by his son, Mike Negro, with the instruction that they must not award damages for the broken leg against this appellant unless they were satisfied that that particular injury had been inflicted by him. The court instructed the jury, also, that if they found for the plaintiff and further found that this appellant had broken the bone in plaintiff's leg, they could take into consideration that injury in determining the amount of the damages to which plaintiff was entitled. There are a number of assignments of error to the charge of the court, but they raise but one question, which is thus stated by the learned counsel for the appellant in his paper book: "The sole question for decision, therefore, is whether the court erred in saying to the jury that they. could assess damages against Jermone Negro for the broken leg." The plaintiff testified through an inter-

preter and this seems to have resulted in rendering somewhat obscure the precise meaning of his testimony. It may, however, be conceded that his testimony seemed to indicate that the blow which broke his leg was inflicted by Mike Negro, the son of the appellant. The contention of the appellant is that, as the testimony of the plaintiff fixed the responsibility for the broken leg upon Mike Negro, that testimony was conclusive upon the point, and that it was the duty of the court, without regard to what other testimony might establish, to instruct the jury that they must not take into account the broken leg, in estimating the damages for which this appellant was responsible. He asserts that this was permitting the jury to assess damages against this defendant for an injury inflicted by another person. The learned counsel for the appellant in support of this contention relies upon those cases in which a plaintiff who seeks to recover damages on account of the alleged negligence of the defendant, clearly establishes by his own testimony that he was himself guilty of negligence which contributed to the injury, and cites among other cases Adams v. Lehigh Valley Transit Co., 45 Pa. Superior Ct. 623, in which it was said: "If the plaintiff's own testimony had shown that he was negligent, he could not complain if the court held his case as he made it, although another witness had done better for him than he had for himself." There is a clear distinction to be drawn between cases of that character and the one with which we are now dealing, in those cases the plaintiff was testifying as to what he himself had done, while in the present case the plaintiff was testifying as to what each one of several persons who were making an assault upon him had done.

When a man is being assailed by several antagonists he may still know better than others what he himself does, but he must necessarily become more or less confused as to the movements of those by whom he is assailed and he may be less able to tell which of his assailants inflicts upon him a particular injury, than an onlooker who has

a better chance to observe. In the present case several disinterested witnesses, among them one called by the defendant, testified that this appellant was beating the plaintiff with a stick, upon the head and legs, at the time the plaintiff fell to the sidewalk, from which he was unable to arise because his leg was broken. No witness on either side of the case, except the plaintiff, gave testimony which would have warranted a finding that the leg was broken by Mike Negro, the son of the defendant. There was, therefore, no error in submitting to the jury the question, under the evidence, whether this appellant had broken the plaintiff's leg. We are of opinion that the learned judge of the court below would have been warranted, under the evidence in this case, in instructing the jury that if they believe the testimony of the plaintiff, this was a joint assault by the appellant and his son and that each of them would be responsible for all the consequences that resulted. "All who are present at a quarrel and sanction what is being done are answerable for all the injury. It is contrary to law—contrary to duty—and the law will not weigh very nicely the acts of particular individuals, to ascertain whether what was said or done by them has enhanced the injury more or less than the acts of others": Frantz v. Lenhart, 56 Pa. 365.

The court below permitted counsel for the plaintiff to ask the appellant, upon his cross-examination, whether he had offered the plaintiff one hundred dollars, after the latter had gotten out of the hospital. This worked no injury to the appellant's cause, for he answered that he had not done so, and no attempt was made to introduce evidence that his answer was not true. All the specifications are overruled.

The judgment is affirmed.