## Keich v. Frost

*James W. Evans*, for plaintiff.

*Richard H. Wix* and *James H. Thomas*, for defendants.

DOWLING, J., October 3, 1973.—Daniel Keich was sitting on his front porch one August evening when he noticed four young men acting in a wild and boisterous manner near his home. When one of the group proceeded to trample on Mr. Keich's flowers, he left the porch to protest whereupon he was struck over the head with a chain and caused to suffer serious and permanent injuries.

He sued all of them and their parents, alleging that the boys, acting either alone or in concert, caused his injury and that their parents were negligent in that they knew, or should have known, of the tendency of their children to commit acts of violence but failed to exercise reasonable care to protect the public.

Defendant, Douglas Weikel, the one who actually struck plaintiff, pleaded guilty to aggravated assault and battery and was sent to prison.

Michael Stickel and Vaughn C. Sullivan, along with their respective parents, have filed motions for summary judgment contending that they should escape the hazards and rigors of a jury trial because their answers to plaintiff's complaint, together with plaintiff's deposition and the evidence produced at the criminal case, disclosed no genuine issue as to any material fact and failed to establish liability.

It is clear in Pennsylvania that a summary judgment shall not be granted except in cases which are free from doubt and where a trial would be a fruitless exercise: Bata v. Central-Penn National Bank, 423 Pa. 373 (1966).

In addressing itself to such a motion, our Superior Court in Moore v. Zimmerman, 221 Pa. Superior Ct. 359 (1972), said at pages 360-61:

"In determining whether or not such genuine issue as to any material fact exists, 'the court must take that view of the evidence most favorable to the party against whom the motion is directed, giving to that party the benefit of all favorable inferences that might reasonably be drawn from the evidence, thereby placing the burden of proving the absence of any factual issue on the movant.' "

The position of defendants requesting summary judgment appears to be that, since they denied any individual responsibility and disavowed any action in concert or parental foreknowledge, and because the depositions *to date* cannot fix liability on them, they should now be let out.

But there are circumstances which point, however tenuously, toward a possible agreement or design among the boys to injure plaintiff. The occasion did, in fact, arise when Mr. Keich confronted one of them for trampling his flowers (Stickel) at which time another of the boys (Weikel) came up behind him and

struck him with a chain. There is also evidence that they had a bottle of whiskey and had been drinking together and that before the assault they were walking together down the sidewalk.

In 7 P. L. Encyc. 140, §3, it is stated:

"In a conspiracy case, if the tort involved be one which is actionable whether committed by one or more than one, then recovery may be allowable as against only one defendant, but if the alleged tort is one which is actionable only when committed pursuant to a wrongful conspiracy, then recovery may not be had unless the wrongful conspiracy be established . . . . It has been stated that it makes no difference at what time a particular defendant came into the conspiracy, and that every one who enters into a conspiracy is in law a party to every act which has already been done by any of the others in pursuance of the conspiracy."

It is true that since defendant, Weikel, was the only one who struck plaintiff, in order to make other defendants liable it must be established that they are responsible for his acts through a showing of common design or mutual aid in bringing about harm to plaintiff. In an early Pennsylvania case, Frantz v. Lenhart, 56 Pa. 365 (1867), the court said:

" 'But where one is present and does not actually commit the battery, it must be proved that he was aiding, assisting and promoting the battery; and this aiding comprehends "all persons counselling, abetting, plotting, assenting, consenting and encouraging the committing of the assault and battery." All such are principals, as much so as if they had in person delivered the blows and kicks.' "

If defendant who did not participate in the actual striking could be found liable, then their parents may also be involved.

In Condel v. Savo, 350 Pa. 350 (1944), the court recited the common-law rule that the mere relation of parent and child imposes upon the parent no liability for the tort of the child, but went on to point out:

"He is liable, however, only for his own fault and not that of his child. While it is also true that the parents did not actually participate in a particular tort here in controversy, they did know the habit of their child of striking other children with sticks. They were bound to know that was a habit liable to cause injury to other children, especially smaller children. No one could be so familiar with the habit of a child of that age as the parent, and while the parent cannot be held to the degree of liability of one harboring a vicious dog after notice of its viciousness, or a wild animal, we think parents should be held responsible and liable for a dangerous habit of a child of which they have knowledge and take no steps to correct or restrain. It is that which constitutes the negligence on the part of the parent."

It is just this type of conduct on the part of defendant parents which is alleged in plaintiff's complaint against them.

Plaintiff, in his brief, says that there is believed to be evidence that these boys on other occasions had harassed and threatened other members of the community. In plaintiff's deposition, he does describe a previous unpleasant encounter with defendant, Kevin Sullivan.

It is clear from the above discussion that there are some critical unresolved issues. Perhaps as our Supreme Court opined in Linwood Harvestore, Inc. v. Cannon, 427 Pa. 434 (1967), these matters may be resolved by further discovery; if not, they will have to be resolved by trial.

Accordingly, we enter the following

## ORDER

And now, October 3, 1973, the motions of defendants, Ross E. Stickel, Jr., Alice Stickel, Michael Stickel, Vaughn C. Sullivan, Vera Sullivan for summary judgment are denied.